## 29146.   MORGAN *v.* FIDELITY TRUST COMPANY.

DECIDED SEPTEMBER 12, 1941.   REHEARING DENIED SEPTEMBER 30, 1941.

*W. George Thomas,* for plaintiff in error.
*Hirsch, Smith, Kilpatrick, Clay & Cody, E. D. Smith Jr.,* contra.

BROYLES, C. J.   On February 18, 1941, Fidelity Trust Company filed in the civil court of Fulton County a dispossessory warrant to remove Bessie Morgan from certain premises. The defendant filed her counter-affidavit and bond on February 24, 1941. The case proceeded to a judgment in favor of the plaintiff. A motion for new trial was overruled, and the defendant appealed to the appellate division of the court, which affirmed the judgment of the trial judge, and that judgment is assigned as error. On the trial it appeared that the warrant was sworn out by an agent of the plaintiff company, and that said agent was not a duly-licensed attorney at law, and the defendant moved the court to dismiss the warrant on the ground that the person signing the affidavit and

filing the dispossessory warrant was not an attorney at law. The court overruled the motion, and that ruling was excepted to in the motion for new trial. In July, 1936, the Supreme Court rendered a decision (*Sharp-Boylston Co.* v. *Haldane,* 182 *Ga.* 833, 187 S. E. 68) in which the majority of the court held, in effect, that the swearing out of dispossessory warrants by an agent of the company who was not a licensed attorney at law was permissible, and did not constitute the practice of law by the company or its agent. Russell, C. J., filed a strong and exhaustive dissenting opinion. In 1936, when that decision was rendered, the Code of 1933, § 61-301, was in full force and effect. That section provided that in dispossessory-warrant proceedings the warrant could be sworn out by the owner of the premises, "his agent, or attorney at law, or attorney in fact." However, the very next year, the legislature passed an act (Ga. L. 1937, p. 753) which provided that "in preparing and filing affidavits upon which the following summary proceedings are based, to wit, dispossessory warrants, distress warrants, and attachments, and prosecuting such proceedings, it shall be unlawful for the plaintiffs to act through any agent or employee that is not a duly-licensed attorney at law." The act further provided "that all laws and parts of laws in conflict with this act be and the same are hereby repealed." The legislature in passing the act of 1937 was doubtless activated by the decision in the *Sharp-Boylston* case. In our opinion the statute embodied in the Code, § 61-301, is in sharp conflict with the act of 1937; and the latter act, being the last expression of the legislature on the subject, is controlling. The court erred in overruling the motion to dismiss the dispossessory warrant on the ground that it was sworn out by a person not a duly-licensed attorney at law; and the appellate division of the court erred in affirming the judgment of the trial judge.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*