30535. CONNOR *v.* O'BRIEN.

SUTTON, P. J. This was a dispossessory-warrant proceeding in which the judge of the superior court passed the following order dismissing the case: "The defendant in the within case having orally moved to dismiss the dispossessory warrant on the ground that the proceedings are unlawful because the plaintiff in this case acted through an agent that is not a duly licensed attorney at law, the court hereby sustains the motion on the authority of *Morgan* v. *Fidelity Trust Co.*, 65 *Ga. App.* 873, and the case is dismissed. In open court this 31st day of March, 1944." The plaintiff excepted. In view of the decision in the case of *Morgan* v. *Fidelity Trust Co.*, 65 *Ga. App.* 873 (16 S. E. 2d, 522), cited by the trial judge in his order as authority for dismissing this case, this court certified the questions here involved to the Supreme Court for determination. *Held:*

1. In a dispossessory-warrant proceeding, it is not a violation of the Code, § 9-401, as amended by the act approved March 30, 1937 (Ga. L. 1937, p. 753), which in part provides, "But in preparing and filing affidavits upon which the following summary proceedings are based, to wit, dispossessory warrants, distress warrants, and attachments, and prosecuting such proceedings, it shall be unlawful for the plaintiffs to act through any agent or employee that is not a duly licensed attorney at law," for any agent, who is not a duly licensed attorney at law, to swear out the warrant, that is, make the affidavit upon which the proceeding is based.

2. That portion of the act of 1937 just above quoted is not in conflict with the Code, § 61-301, which among other things provides, "And the owner of the land or tenements shall desire possession of the same, such owner may, by himself, his agent, attorney in fact or attorney at law, demand possession of the property so rented, leased, held, or occupied; and if the tenant shall refuse or omit to deliver possession when so demanded, the owner, his agent or attorney at law or attorney in fact may go before the judge of the superior court or any justice of the peace and make oath to the facts," as was ruled in *Morgan* v. *Fidelity Trust Co.*, supra. *Connor* v. *O'Brien*, 198 *Ga.* (30 S. E. 2d, 399).

3. It follows that the trial judge erred in dismissing the case.

*Judgment reversed. Felton and Parker, JJ., concur.*

DECIDED SEPTEMBER 30, 1944.

*George G. McCoy,* for plaintiff in error.
*Hester & Clark,* contra.