Mee *v.* Sley System Garages, Inc., Appellant.

Argued October 12, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Arthur S. Arnold,* with him *Alma H. Arnold,* for ap-
pellant.

*James L. Stern,* with him *Thomas C. Egan* and *Wolf,
Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1936:

The facts in this action of assumpsit are very simi-
lar to those in the case of *Wendt v. Sley System
Garages,* 124 Pa. Superior Ct. 224.

The bailor herein, on the afternoon of April 27,
1934, drove his car into the same open parking lot in-
volved in the Wendt case, operated by the bailee, the
appellant herein, and received a check or receipt, which
set forth that the bailee was "Not responsible for fire
or theft. All valuables must be checked." About 4
o'clock the same day the bailor returned and learned
that his automobile had been stolen. It was recovered
the next day, but a suitcase, which was described as
being very large—about 20″ high, 36″ wide, and 12″
thick, left standing in the body of the car and extend-
ing several inches above the back of the front seat,

was missing. This suit was brought to recover the value of the suitcase, two suits of clothes, and other wearing apparel contained therein. It was agreed at the trial that if the verdict be in favor of the plaintiff, it should not be in excess of $175, which was the amount of the verdict.

We held in the Wendt case that a bailee cannot limit by contract his liability for negligence, and, if the bailor proves the bailment and the failure of the bailee to return the property, he has made out a prima facie case, and it is then the duty of the bailee to go forward with proof to show that he used proper care over the bailed property. In the absence of such proof, the bailor is entitled to judgment.

We will not consider further those questions raised here also by the appellant, but will direct our attention to the other point urged, namely, that the bailor was not entitled to judgment representing the value of the lost articles, as no express notice was given the bailee that the suitcase was in the automobile. Before the bailee could be held liable, it was necessary to show circumstances that would amount to notice. While no express notice was given, the trial judge left to the jury the question whether the suitcase was in such a position and of a size that the defendant had knowledge of its presence, and gave instructions that if it did not know that fact, the verdict should be in favor of the defendant. The bailor was a traveler, his car carrying a license tag of the state of Rhode Island, where he resided. It would not be outside of ordinary conduct for him to carry luggage in his car. From common experience and knowledge, one usually expects a tourist to have additional wearing apparel with him.

In *Hunter v. Reed's Sons*, 12 Pa. Superior Ct. 112, cited by appellant, a customer had money and a diamond ring stolen from his clothes left in a dressing booth of a retail clothing store. He sued for the value

of the clothing and contents and recovered in the court below. On appeal to this court, the judgment was sustained as to the clothes and money, but was reversed as to the diamond, as it would naturally be expected that a man would carry a reasonable amount of money, but not diamonds, in his pockets. We there said (p. 116) that the defendant was responsible only "for such articles as a person would naturally and ordinarily be expected to carry about with him;" and pointed out that, usually, whether lost articles come within that category is not a question of law but one of fact.

The appellant relies, also, on *Moss v. Jannetti Body Co.*, 101 Pa. Superior Ct. 1, where a car was delivered to defendant, who conducted an automobile conditioning plant, to have certain painting done. The car had a closed rumble seat, which contained a hat box and traveling bag containing wearing apparel. The car was stolen from the bailee's place of business, and suit was brought to recover the value of the stolen articles. Judge CUNNINGHAM, speaking for this court, said: (p. 5) : "The crucial question is whether, under all the circumstances, appellant owed appellee any duty to care for the articles, concealed in her car; this, in turn, depends upon whether appellant had notice of their presence. The general rule is thus stated in 38 C. J., p. 88, sec. 54: 'The duty of a livery stable or a garage keeper to care for articles and vehicles left in his car seems to depend on notice as to the presence of the articles.' ...... Then, too, this is not the case of an automobile tourist leaving a car over night, or temporarily, in a public garage, but a case of a car owner sending it to a repair shop for the specific purpose of having a portion of the painting completed and with information communicated to the proprietor that the car would be returned to the residence at which the owner was visiting before her journey would be resumed." We held there that as the rumble seat was locked when the car

was delivered to the bailee, and there was nothing about its appearance to put the bailee upon notice that she had left baggage in it, the plaintiff was not entitled to recover.

The liability of the bailee imposed upon it the duty of exercising due care for the safety and protection of the car *(Vannatta v. Tolliver,* 82 Pa. Superior Ct. 546, 549), and whether it exercised that care was a question of fact for the jury.

In view of the stipulation of counsel at the trial, nothing need be said respecting the value of the property, other than that the amount of the loss was established by proof.

Judgment is affirmed.