Rockingham, } No. 3241.
June 3, 1941. }

ALEXANDER CAMPBELL & a. v. PORTSMOUTH HOTEL Co.

*Hughes & Burns* (*Mr. Walter A. Calderwood* orally), for the plaintiffs.

*Sewall, Varney & Hartnett* (*Mr. Varney* orally), for the defendant.

*Per Curiam.* While in express terms only the stolen car was left in the defendant's charge, the circumstances were such that it could fairly be found that the defendant assumed to take in charge the contents of the car appropriate for the traveling purposes of the plaintiffs as well as the car itself. They were travelers, and stopping over night at the defendant's hotel as they did, they might reasonably be expected to leave in the car such accessories, equipment and baggage as they had no occasion to use while at the hotel. It might therefore be found that the contract of bailment included both the

car and its contents expectably to be kept in it. Silence on the subject did not necessarily connote emptiness of the car, nor did the defendant's actual ignorance of any such contents necessarily give it the right to assume there were none. Fairly it had notice that there might be some of such character, and it might be found that the agreement to take care of the car implied a promise to take care of what might be expected to be in it.

The Massachusetts cases cited by the defendant (*Rogers* v. *Murch*, 253 Mass. 467, and *Schulte* v. *Company*, 291 Mass. 251) are distinguishable. In each case a rule requiring negligence to be gross in order to create liability in gratuitous undertakings barred recovery, and in one there was a finding that the defendant had no reason to assume that a stored truck contained merchandise.

The action here is for negligence in the performance of a duty arising out of the relationship of the parties. It is not one for breach of contract, and the rule of damages for proximate consequences governs. The extent of a bailee's liability for negligence is under no exception to the rule.

The defendant's negligence was findably causal of the expenses of the plaintiffs in their return home. The theft of the car as a direct result of the negligence might be regarded as efficient to make the expenses necessary. Loss of use of property is in general a matter of allowance when a bailee's negligence has caused the loss. The defendant's claim that this item of expense would have been incurred if the car had not been stolen is met by the fact that the theft caused a complete change of the plaintiffs' plans. They were obliged to abandon their trip, and the saving of expense to and from their destination gives the defendant no credit therefor in deduction of the different expense which it made necessary.

Also, when the car was found, the traveling expense of the plaintiff owner incurred to obtain its restoration to him was findably a proximate result of the defendant's fault. While all expenses of repair and restoration might not exceed the value of the car when it was stolen, it is assumed that the allowances were within such limit. If the car had not been recovered and restored to its owner, the defendant would have been liable for its full value, and so far as restoration to its condition when stolen and to its owner cost less than its value, the defendant has the benefit of the rule of avoidable consequences.

If ordinarily a bailee's liability for negligence is measured by the difference in value before and after the property bailed is damaged,

it is because such measure ordinarily is the full damage sustained. But the rule of proximate consequences may produce a different measure in unusual cases of special circumstances. Here compensation included the expense incurred in the recovery of the car, in repairs, and in restoration to the owner. No rule of law has the effect of leaving him only partly compensated for these items.

*Exceptions overruled.*

BURQUE, J., did not sit.

Rockingham, June 3, 1941. } No. 3240.