**PALACE LAUNDRY DRY CLEANING CO.
v. COLE.**

**No. 250.**

Municipal Court of Appeals for the
District of Columbia.

Feb. 16, 1945.

E. B. Miller, of Washington, D. C. (King & Nordlinger, of Washington, D. C., on the brief), for appellant.

Claude A. Thompson, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant was sued by a customer for the value of articles left with it to be laundered. Its defense was that its liability was limited to ten times the service charge. Judgment was for the full value of the missing items and the company has appealed.

Plaintiff had been an intermittent customer of the laundry company for about eight years. Her dealings were with a branch office where she deposited bundles of clothing and linens, marked with her name and address, in a receptacle provided for that purpose. When she called for and received finished work she paid the company's charges. She testified that she had never been informed by defendant's employees of any limitation of its liability and did not know that one existed; that printed slips were attached to the bundles of finished work, but the only part of the slip she had ever read was that containing her name, the items and charges.

Defendant's only witness, an employee, produced a blank laundry list or slip, at the bottom of which was printed a statement limiting liability to ten times the laundry service charge. Such lists, he testified, were placed on bundles of finished work returned to customers. Objection to the admission of the slip was sustained. This and the failure of the trial court to sustain the limitation of liability are assigned as error.

In Manhattan Company v. Goldberg, D.C.Mun.App., 38 A.2d 172, 173, we held that a laundry company was a bailee of articles accepted from a customer; that no consideration of public policy restricted its exercise of the right accorded generally to bailees for hire to impose terms upon its acceptance of such a bailment, including a limitation of its liability for lost articles, except for gross negligence, wilful act or fraud. There the condition was printed on the laundry deposit slip and was known to the customer when the missing article was delivered to the laundry. We said: "The trial court recognizing that plaintiff was amply on notice held that such notice was

not sufficient to create a contractual relationship binding plaintiff to the limitations imposed by the laundry. In this we think the court was in error. The authorities are generally in accord that if at the time the bailment is made the bailor has actual notice of certain terms which alter or modify the ordinary relationship implied by law, delivery of the property to the bailee amounts to an assent to these terms."

Here there was undisputed evidence that the customer was without actual knowledge of the company's alleged limitation. Defendant's theory is that she was charged with notice.

It argues that one may not shut one's eyes to the obvious and claim want of notice. But this is so, and notice is implied only where, as in entering into a contract, accepting a receipt, or in like situations, the law imposes a duty to inquire "Wherever inquiry is a duty, the party bound to make it is affected with knowledge of all which he would have discovered had he performed the duty. Means of knowledge *with the duty of using them* are, in equity, equivalent to knowledge itself." De Cordova v. Hood, 17 Wall. 1, 8, 21 L.Ed. 587. (Italics supplied.)

No rule of law required plaintiff to read printed matter at the foot of a list furnished with the return of her finished work. We can think of no motive, other than idle curiosity, which would impel her to do so. She was immediately interested in the items returned, in checking the list with her own memorandum or recollection of the articles she had sent, in identifying those received as her own, in verifying the service charges; and this was all which would concern the average person.[1]

We hold that under the facts presented here the court properly excluded the evidence offered by defendant.

Affirmed.

CAYTON, Associate Judge (concurring.

I agree that the judgment should be affirmed on the ground that the customer was not given notice of the attempted limitation of liability.

I also feel that the judgment should be affirmed on the additional ground (stated in my dissent in Manhattan Co. v. Goldberg, cited by the majority) "that the attempted limitation of liability is against public policy, inflationary, and repugnant to the Price Administration program." [38 A.2d 172, 175.] The situation in this case again emphasizes the strong reasons of public policy for refusing laundries the right to limit their liability so drastically.

In that case it was argued, and the contention is repeated here, that if the customer was not satisfied to do business with the laundry on its own terms he should have gone elsewhere.

Two of the largest laundries in the city have now undertaken to enforce such limitation in the courts. They insist that under the limitation on their slips they may not legally be required to pay more than ten times the service charge, regardless of the actual value of the article lost or damaged. How many more laundries will do so we do not know. But if the law gives them that right, none of them can be blamed for exercising it. And if all laundries do so, the right of the customer to "go elsewhere" will not amount to much.

---

[1] Cothren v. Kansas City Laundry Service Co., Mo.App., 242 S.W. 167; Red-

Cross Laundry v. Tuton, 31 Ga.App. 689, 121 S.E. 865.