GILES, Plaintiff, v. MEYERS, d. b. a. MEYERS' SERVICE STATION, Defendant.

Common Pleas Court, Cuyahoga County.

No. 698494.   Decided June 4, 1952.

Claude J. Parker, Cleveland, for plaintiff.
B. Anne Meyer, Otto F. Steele, Cleveland, for defendant.

## OPINION

By THOMAS, J.

This is an action in which plaintiff sues to recover the value of suitcases and contents claimed to have been stolen from the floor of the back seat of plaintiff's locked car while it was parked in defendant's parking lot.

The defendant operates a large, open, unfenced parking lot at East Ninth Street and Lakeside Avenue in Cleveland, Ohio, within easy walking distance of the Municipal Stadium.

On Sunday, July 3, 1949, the plaintiff drove his car into the parking lot. As plaintiff entered he paid a 35-cent parking fee and was given a numbered parking ticket. The nature or contents of the parking ticket is not further described in the evidence.

After driving in, the plaintiff says that he was directed by a parking attendant to drive to the easterly portion of the lot, where he personally parked his car, locked it and took the keys with him.

Defendant's custom with all cars is to direct incoming cars in order, to a particular location, and direct drivers to lock their cars and retain the keys.

There is no evidence that either the plaintiff or any other driver was ever required by the defendant to surrender his parking ticket before driving out of the lot.

The plaintiff and his son parked their car in defendant's parking lot while they witnessesd a double-header baseball game at the stadium.

It is evident that the lot is one of those extensively used by patrons of The Municipal Stadium. An unestimated number of other cars were also parked in the lot at the same time.

Defendant claims no knowledge of the contents of plaintiff's automobile, and plaintiff did not notify the attendant that suit cases were in the automobile. Plaintiff says that the suitcases were on the floor in the rear of the car.

Upon returning from The Municipal Stadium at about 6:45 P. M., the plaintiff discovered that the right front vent glass had been broken and the suitcases and their contents were stolen. One attendant was on duty at the time the loss was discovered.

Essential to a decision is a determination of the legal relationship existing between the plaintiff and the defendant.

"Whether the relationship between a driver who offers and a parking lot operator who accepts a motor vehicle for the purpose of parking, is that of bailor and bailee or of lessor and lessee, depends upon whether the parking lot operator assumes control over and custody of such vehicle, or simply grants permission to park the vehicle at a designated place upon the parking lot." **Agricultural Ins. Co. v. Constantine, 144 Oh St 275.**

There are certain clear cut ways in which a driver may surrender custody of his car to the operator of a parking lot. Custody of the car shifts from car driver to lot operator, (1), if the driver turns the car over to the attendant upon entering the lot and leaves the keys in the car; (2), if once having received an identification ticket upon entering the lot the driver can only remove his car from the lot by relinquishing the ticket; and (3), if the parking lot expressly agrees to safely keep the car.

In each of these three situations a contract of bailment occurs, which contract requires redelivery of the automobile in unharmed condition. A failure to so redeliver constitutes a prima facie breach of the contract.

But where as in the present case the driver parks his own car, locks it, and takes the keys with him, these acts do not manifest nor do they constitute a transfer of custody of the car from the driver to the parking lot operator.

Even under such circumstances had drivers in defendant's lot been compelled to give up their parking tickets in exchange for their cars, such requirement would evidence sufficient assumption of control over the parked cars to make the defendant a bailee of the parked cars.

However, a preponderance of the evidence in this case does not justify a finding that the plaintiff could only have removed his car by giving up his parking ticket. On the contrary the inference preponderates that each driver was free to leave the lot without first securing prior consent from the parking lot operator. In fact, it seems safe to say that after a ball game the patrons arriving at this lot at about the same time expect to be able to depart without having to get individual permission from the parking lot attendant. When

a swarm of tired ball fans descend on a parking lot after a double-header, they want the freedom of immediate departure, not single file, one at a time, clearance to go.

It follows that if a driver has the right to freely leave the lot without surrendering his ticket, and if he has previously locked his car and taken the keys with him while he is away from the lot, he has not bailed his car but has only obtained a license to park for a fixed fee.

This case therefore falls into that category of cases collected under Section IIa. in the annotation in 131 A. L. R. at 1176 and referred to in 24 Am. Jur. Section 29, in which a license or lease rather than a bailment has been held to exist between the driver of the car and the parking lot operator.

It follows that if the plaintiff's car was not bailed to the defendant then, in the absence of an express contract of bailment relating to the suitcases, the suitcases carried in plaintiff's car likewise were not bailed.

It is admitted that the plaintiff gave no express notice to the parking lot attendant concerning the presence of the suitcases in the car. It is claimed, however, that by their location on the rear floor notice of their presence must be inferred or implied.

To prove a bailment a contract must be shown, either express or implied.

It is true that where a car is bailed, the bailment contract can be construed to include by implication the obligation to safely keep any appurtenances, equipment, or tools which are ordinarily a part of said motor vehicle, even though the articles may be concealed from view. Barnette v. Casey, 124 W. Va. 143, 19 S. E. 2nd, 621. But such a principle cannot be extended to include those articles of personal property, such as suitcases, which are extraneous to the usual appurtenances, equipment, or tools of an automobile.

With reference to such extraneous articles of personal property, an express contract of bailment must be proved.

Express notice of the articles may be inferred if the articles inside the car are in plain view. Mee v. Sley System Garages, Inc. 124 Pa. Super 230, 188 Atl. 626, but not otherwise Lucas et al. v. Auto City Parking Co. Inc. 62 A. 2d 557.

Nor does the evidence demonstrate any negligent conduct on the part of the defendant, or his employees, which directly and proximately caused the loss suffered by the plaintiff.

No bailment having been established with reference to either the car or the suitcases, and no negligence having been proved against the defendant, judgment will be entered for the defendant. Defendant may prepare an appropriate entry.