50 N.J. Super. 514 (1958)
142 A.2d 917
VINCENT J. CERRETA, PLAINTIFF-APPELLANT,
v.
KINNEY CORP., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 9, 1958.
Decided June 20, 1958.
*515 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Wallace P. Berkowitz argued the cause for plaintiff-appellant (Messrs. Berkowitz and Lester, attorneys).
*516 Mr. James H. McLeod argued the cause for defendant-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff sued the defendant in the Essex County District Court to recover for the value of the contents of an automobile which he had left at defendant's commercially operated parking lot in Newark. Before plaintiff returned the car was stolen, and, when it was found by the police a day or two later, certain articles of personal property were missing from the back seat and trunk. The trial judge, sitting without a jury, held there was no bailment as to the contents of the car and entered judgment for the defendant.
Plaintiff's testimony, corroborated by that of a companion, is that he left the car at the lot at 8:00 P.M. on February 25, 1957 and told an attendant that he had some valuable articles in the car and wanted it parked and locked. The car is of a make which permits locking of the doors without the key and turning the ignition lever without a key if the lever is left unlocked. The attendant is said to have told the plaintiff not to worry, that he would park and lock the car. Plaintiff took his keys with him. The attendant testified and admitted the plaintiff's request to lock the car but denied that valuable articles were mentioned. He testified he did lock the car after the plaintiff left. The lot closed at 10:00 P.M., and the attendant left at 10:15 P.M. Plaintiff returned at 2:00 A.M. to find the car gone.
Plaintiff testified that he had certain drawings which he had prepared (as an architect) on the back seat of the car and miscellaneous professional and sporting equipment and tools in the trunk, together with the customary accessory tools and spare wheels for use in connection with the ordinary operation of the car. When the car was finally recovered it was discovered that the back seat had been removed and an opening cut through to the trunk. All the articles and equipment mentioned were gone. The windows, locks and ignition were found undamaged, and it is fairly inferable, *517 therefore, that the attendant did not lock the car. Plaintiff gave testimony as to the purchase price of all of the articles lost except the automobile accessory tools and wheels. There was also proof that his time in re-executing the missing drawings was worth $550.
The trial judge entered the following "Findings of Fact and Conclusions of Law":
"1. I find that there was no agreement, express or implied, under the facts and circumstances of this case, as to the safekeeping of plans, drawings, shoes, bowling balls and other items left in the vehicle parked in the station of the defendant.
2. The plaintiff failed to sustain the burden of proof by a preponderance of the credible evidence that the articles in his automobile, which were left on defendant's parking lot, had been entrusted to and accepted by the parking lot employee.
Without proof of such acceptance, there was no bailor-bailee relationship as to the articles sued for in this action.
Accordingly, judgment was entered for defendant."
The briefs of the parties agree that the action was on the theory of bailment, rather than for negligence. Bailments, except where created by operation of law or statute, rest in contract, express or implied in fact. See State v. Carr, 118 N.J.L. 233, 234 (E. & A. 1937); Delaware, etc., R.R. Co. v. Central Stock-Yard & T. Co., 45 N.J. Eq. 50, 60 (Ch. 1889), affirmed on opinion below 46 N.J. Eq. 280 (E. & A. 1889). Basic to plaintiff's cause of action, therefore, is a showing of a consensual undertaking on the part of the defendant to accept an entrustment to it by plaintiff of the particular articles here sued for. Where the reputed bailee does not know of the articles or that they have been delivered to him, there cannot be a bailment thereof. 4 Williston on Contracts (rev. ed. 1936), § 1038A, pp. 2900-2902; 8 C.J.S. Bailments § 15, pp. 247-250. Consequently, the generally prevailing rule is that the bailment of an automobile left at a parking lot does not carry with it a bailment as to unknown contents of the vehicle, Annotation, 27 A.L.R.2d 796, 799, 811-814 (1953), at least as to those of a kind not customarily kept in and about a car in connection with its *518 ordinary use, see Campbell v. Portsmouth Hotel Co., 91 N.H. 390, 20 A.2d 644, 135 A.L.R. 1196 (Sup. Ct. 1941). Notice of the presence of contents may ordinarily be imputed where the articles or their container are plainly visible. Palotto v. Hanna Parking Garage Co., 68 N.E.2d 170 (Ct. App. 1946). We deem these principles sound and apply them here.
In the instant case the issue as to knowledge by the defendant of the presence of the articles was one of disputed fact, subject to resolution by the trial judge. We deem the second numbered paragraph of the trial judge's stated findings to constitute a determination of that issue, as well as that of constructive notice as to the items on the back seat, in favor of the defendant. There was no evidence to support a finding that the drawings on the back seat were plainly visible to the attendant or a conclusion that he should have seen them by reasonable attention in taking charge of the car.
As to the automobile accessories and wheels, there was no evidence adduced as to their value upon the basis of which a judgment of damages could have been founded, and the claim therefor must be regarded as having been abandoned at the trial.
Affirmed.