**SERVICE PARKING CORP., a corporation, Appellant,**

v.

**Robert W. DURR and Raymond L. Poston, Jr., Appellees.**

**No. 2548.**

Municipal Court of Appeals for the District of Columbia.

Argued May 9, 1960.

Decided July 29, 1960.

Rehearing Denied Sept. 16, 1960.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellant.

Edward C. Donahue, Takoma Park, Md., for appellees. William Ehrmantraut, Takoma Park, Md., also entered an appearance for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal raises the familiar question of the liability of a parking lot operator for the loss of the contents of an automobile bailed to it for hire. Accompanied by appellee Poston, appellee Durr drove his automobile into appellant's enclosed parking lot. According to appellees' evidence four suits of clothing, one hat and a pair of slacks lay on the back seat and on the rear floor was a pair of shoes. All of these articles belonged to appellee Durr. Over the back of the front seat hung a man's sport coat which belonged to appellee Poston. Without mentioning the presence of the clothing, Durr turned the car over to an attendant for parking, received a claim ticket from another employee, and he and Poston left the lot. Neither the claim ticket nor a large sign on a wall, both of which disclaimed responsibility for articles left in the car, were read by appellees.

When appellees returned to the lot, Durr paid the parking fee, went directly to his car and drove away with Poston. About three blocks from the lot they noticed that the clothing was missing and immediately

returned to the lot where they reported the loss.

Appellant's witnesses testified that appellees had not mentioned the clothing in the car. Usually when personalty is left in an automobile and that fact is brought to an attendant's attention, the car is parked in the recesses of the lot where it is locked and its keys left with the cashier. Since no notice was given and since neither of the two attendants who testified saw the clothing, the car was parked in a location within sight of the cashier's cage and along the front wall of the parking building. However, the employee who actually parked the automobile on the day in question was not available to testify because he was no longer in appellant's employ. Parking was light that day and five men were on duty in the lot.

The trial judge, sitting without a jury, found appellant liable for the loss of the clothing. Appellant contends the court was in error in finding that it was a bailee for hire with respect to the clothes and was negligent in caring for them.

■ In his memorandum opinion the trial judge based his holding of liability on Hallman v. Federal Parking Services, Inc., D.C.Mun.App., 134 A.2d 382, 385, wherein it was said: "Courts have uniformly held that the liability of a bailee for hire for the loss of property in an automobile depends on notice or knowledge of the contents. The notice need not be actual or express; constructive or implied notice may be inferred." On the record before us we cannot say that the trial court erred in finding that appellant had constructive notice of the clothes and was negligent in caring for them.

Whether appellant had constructive notice was a question of fact. 6 Am.Jur., Bailments § 400; Mee v. Sley System Garages, Inc., 124 Pa.Super. 230, 188 A. 626. Certainly, on the evidence the trial judge could have found that the clothes, particularly the sport coat, had been clearly visible in the car and should have been seen by appellant's employees. Whether the attendants saw the clothes or not was not determinative of the issue of constructive notice and, of course, even on that issue the judge did not have to believe their testimony. The record indicates the judge could have found either a presence or absence of constructive notice, and his finding of such notice was not so "manifestly wrong" that we must reverse. Nolan v. Werth, 79 U.S.App.D.C. 33, 34, 142 F.2d 9, 10.

■ Believing as we do that it was not error to find constructive notice on the facts here, we turn to appellant's claim that the evidence did not show negligence on its part. The effect of the constructive notice was to create a bailment for hire of the car and its contents. Though appellant could not explain the loss of the contents, it attempted to show that the loss was in no way due to its negligence. As we have said often, the question of negligence in a case like this is a factual determination for the trial court, not for us. National Mortgage & Inv. Corp. v. Shulman, D.C. Mun.App., 104 A.2d 420, and cases cited therein. Appellant's evidence in the case before us was not so convincing that as a matter of law the trial judge had to find in its favor.

Affirmed.