C. Waggaman Berl, Jr., Wilmington, for defendant appellant.

Alfred M. Isaacs, Wilmington, for plaintiff appellee.

**Sylvester ALLEN, d/b/a Allen's Parking Lot, Defendant Below, Appellant,**

v.

**Frank D. HOUSERMAN, Plaintiff Below, Appellee.**

Superior Court of Delaware.

New Castle.

Jan. 31, 1969.

OPINION AND ORDER ON SUMMARY JUDGMENT; SUMMARY JUDGMENT GRANTED IN FAVOR OF DEFENDANT

QUILLEN, Judge.

The plaintiff left his car in the defendant's parking lot. The keys, including the trunk key, were left in the car. The car was taken from the lot by persons unknown. The car was later recovered but the plaintiff's golf clubs, valued at $373.53, which had been locked in the trunk, were missing and not recovered. The plaintiff was not asked and did not voluntarily advise the defendant about the presence of the golf clubs when he left his car in the defendant's lot.

The plaintiff brings this civil action for the value of the golf clubs. The parties and the Court originally contemplated that the Court could decide the case on the merits

**390**

and on the record without a trial hearing, but with stipulated facts and memoranda of law. Letter legal memoranda have been filed. It now appears that the matter upon which the Court can rule on the stipulated facts is limited to defendant's contention that he is not liable for the loss as a matter of law. I will, therefore, treat the instant question as a defense motion for summary judgment.

Both memoranda agree that the duty of the bailee parking lot depends upon notice, actual or constructive, of the presence of golf clubs. See Anno. 27 A.L.R.2d 796, 799. It is clear under the stipulated facts that there was no actual or express notice given by the plaintiff to the defendant.

 The case thus turns on constructive notice. It has been held that constructive notice may be established by the presence in a car of personal property in plain view which was or should have been seen by the employees of the parking lot. Mee v. Sley System Garages, Inc., 124 Pa. Super. 230, 188 A. 626 (Super.Ct.1936); Hallman v. Federal Parking Services, 134 A.2d 382 (Mun.Ct. of App.D.C.1957); Service Parking Corp. v. Durr, 162 A.2d 783 (Mun.Ct. of App.D.C.1960). This is especially true when the property is such that its presence would normally be anticipated. Mee v. Sley System Garages, Inc., *supra*; Hallman v. Federal Parking Services, *supra*. But such authority does not help the plaintiff where the property is locked out of sight in the trunk. And, notwithstanding the growing band of golf devotees, it can hardly be reasonably said that a downtown parking lot should impliedly anticipate the presence of golf clubs in the trunk of each patron's car.

Since there is no genuine issue of fact and no evidence of actual notice and no facts which could constitute constructive notice, the defendant is entitled to judgment as a matter of law. Cf. Cerreta v.

Kinney Corp., 50 N.J.Super. 514, 142 A.2d 917 (1958).

Summary judgment is entered in favor of the defendant.

It is so ordered.