**Trin DUMLAO and Charlotte Dumlao, Appellants,**

**v.**

**ATLANTIC GARAGE, INC. and Franklin Park Hotel, a corporation, Appellees.**

**FRANKLIN PARK HOTEL, a corporation, Appellant,**

**v.**

**ATLANTIC GARAGE, INC., Appellee.**

Nos. 4616, 4617.

District of Columbia Court of Appeals.

Argued June 17, 1969.

Decided Dec. 2, 1969.

Leonard J. Bonner, Washington, D. C., for appellants Dumlao. Anthony Paul Flask, Washington, D. C., was on the brief, for appellants Dumlao.

Geoffrey M. Alprin, Washington, D. C., for appellee Atlantic Garage. Peter R. Sherman, Washington, D. C., was on the brief for appellee Atlantic Garage but withdrew prior to argument. Charles C. Bowie, Leonard C. Greenebaum and Daniel E. Schultz, Washington, D. C., also entered an appearance for appellee Atlantic Garage.

M. Michael Cramer, Washington, D. C., with whom H. Thomas Sisk, Washington, D. C., was on the brief, for Franklin Park Hotel, appellee in No. 4616 and appellant in No. 4617.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

Plaintiffs below, the Dumlaos, sought recovery against appellees Atlantic Garage and Franklin Park Hotel, as bailees, for the loss of certain personalty from the interior and trunk of their car when it was stolen from the garage. Franklin Park Hotel cross-claimed against Atlantic Garage; and the garage in turn cross-claimed against the hotel for indemnity.

After checking into the hotel and removing a great deal of clothing from the back seat of the car, appellants left the car for parking with a hotel doorman. Various articles of clothing were left in the back seat of the car. A cigarette lighter was left in the glove compartment, and a set of drums valued by the Dumlaos at $1,000.00 was left in the trunk. Although the hotel's bell captain saw Mr. Dumlao remove a cosmetic case from the trunk, he was so positioned that he could not view its other contents, nor was he told in response to his question that any other items of personal property were in the car.

Immediately thereafter an employee of appellee Atlantic Garage arrived to pick up the car, pursuant to an arrangement between it and the hotel. Atlantic Garage had earlier advised the hotel that it would not be liable for property of guests left in cars delivered to it which was lost or stolen. When appellants checked out of the hotel four or five days later, the hotel was unable to deliver the car or its contents and could not account for its disappearance. On further inquiry, the Dumlaos were informed that it had been picked up for parking by an employee of the garage. It was later found in New Jersey, missing all the personalty.

At the close of plaintiffs' case, the court granted a directed verdict in favor of the hotel and against the Dumlaos, but only as to the items left in the trunk, reasoning that the hotel had no notice of those items. At the conclusion of the hotel's defense, the court directed verdicts in favor of appellee Atlantic Garage on the claim of the Dum-

laos and the cross-claim of the hotel. The jury returned a verdict against appellee hotel in the amount of $143.00, the value of items of clothing left in the back seat and the cigarette lighter.

There are two appeals involved here. Appellants Dumlao challenge as erroneous: (1) the partial directed verdict granted to Franklin Park Hotel as to the items left in the trunk, and (2) the refusal of the court below to instruct as requested on the liability of a bailee. Appellant Franklin Park Hotel charges the trial court with error in granting directed verdicts in favor of Atlantic Garage on (a) the claim of the Dumlaos, and (b) its cross-claim against the garage.

■■■ As to plaintiffs Dumlaos' appeal, the trial court properly directed a verdict as to the items left in the car's trunk. A bailment requires a delivery by the bailor and an acceptance by the bailee of the subject matter of the bailment. Lucas v. Auto City Parking Co., D.C.Mun.App., 62 A.2d 557, 559 (1948); and see Hallman v. Federal Parking Services, Inc., D.C.Mun.App., 134 A.2d 382, 385 (1957). Where, as here, the subject matter of such a bailment is the contents of an automobile, acceptance of such contents must be based upon either express or imputed knowledge, such as where they are in plain view. *Hallman, supra*, 134 A.2d at 385. In the instant case there was no evidence to show knowledge and thus acceptance of the property in the trunk by appellee hotel. In fact, the evidence tended to show the opposite. When asked by the bell captain whether all their personal belongings had been removed from the car, the Dumlaos did not answer to the contrary. Viewing the evidence for appel-

lants in the most favorable light, it was clear that the jury could not find notice on the part of appellee hotel of the items left in the trunk other than by speculation. This conclusion vitiates the necessity to discuss the differences between the instruction appellants requested and the one given by the court.[1] As the requested instruction would have permitted the jury to find implied acceptance of the trunk's contents, absent knowledge, either expressly communicated or imputed, it incorrectly stated the law.

■■■ Turning to the hotel's appeal, its challenge to the directed verdicts granted to the appellee garage must fail also.[2] It is unnecessary to reach the question whether a bailment was created by virtue of the agreement between the garage and the hotel, as there was uncontradicted testimony that due to a disclaimer earlier communicated to the hotel, the garage would not be liable to it for the personal items of guests left in cars. The ordinary terms of a contract of bailment may be altered to limit or exclude the liability of a bailee if the bailor has actual notice of those altered terms prior to delivery of the property, and if the changes do not purport to limit liability for gross negligence, willful act, or fraud. Manhattan Co. v. Goldberg, D.C. Mun.App., 38 A.2d 172, 173–174 (1944). Thus, even if a bailment existed between the garage and the hotel, the disclaimer was effective, and on this record the jury could not have found appellee Atlantic Garage liable. The directed verdict on the cross-claim was proper.

Since we find no error, the judgments are

Affirmed.

---

1. Appellants recognize this when they state in their brief: "Should this Court find that the Trial Court erred in not submitting to the jury the question of appellee hotel's acceptance of said items in the trunk of appellant's vehicle, it *then* becomes necessary to consider the propriety of the Trial Court refusing to instruct as to the third paragraph of appellant's requested instructions. * * *" Brief for Appellant at 9–10 (emphasis added).

2. Franklin Park Hotel's claim of error in the grant of directed verdict to the garage on the Dumlaos' claim is wholly without merit if only because there was no privity between the garage and the Dumlaos either by bailment or authorized sub-bailment. Hallman v. Federal Parking Services, Inc., D.C.Mun.App., 134 A.2d 382, 385 (1957).