**GOVERNOR HOUSE, Joint Venture, Appellant,**

v.

**George A. SCHMIDT, Republic Vanguard Insurance Company, and Parking Management, Inc., Appellees.**

No. 5982.

District of Columbia Court of Appeals.

Argued Nov. 8, 1971.

Decided Dec. 20, 1971.

David F. Grimaldi, Washington, D. C., with whom Richard W. Galiher, William H. Clarke, Frank J. Martell and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellant.

James M. O'Neill, Washington, D. C., for appellee Schmidt. Roger M. Dougherty, and Frances Clark Barrie, Washington, D. C. entered appearances on behalf of appellee Schmidt.

Leo A. Roth, Jr., Washington D. C., with whom Denver H. Graham, Washington, D. C., was on the brief, for appellee Parking Management, Inc.

John L. Hone, Washington, D. C., entered an appearance on behalf of appellee Republic Vanguard Ins. Co. and adopted oral argument and brief of counsel for appellee Schmidt.

Before GALLAGHER, NEBEKER and REILLY, Associate Judges.

NEBEKER, Associate Judge:

This appeal results from (1) a directed verdict in favor of a hotel patron who left his car containing personal property with the doorman for parking in the basement garage under the hotel; and (2) from a judgment in favor of the garage on a cross-claim styled as "indemnification or contribution" by the hotel. The pleadings and trial centered around a claim of breach of ordinary care duty owed by the hotel as bailee and the subbailee garage. The trial judge, in directing the verdict at the close of all the evidence, ruled that the hotel was an insurer of the patron's property under the theory of *"infra hospitium"* since the garage was an integral part of the hotel.[1] The factual issue of ordinary care was thus taken from the jury—leaving only the question of damages to be argued.[2] In light of the conclusion that the hotel was an insurer, the trial judge ruled that the patron's case against the garage was "moot" and that the garage's cross-claim against the hotel be dismissed. The hotel's cross-claim against the garage was tried before the judge and not the jury in light of the judge's ruling that the claim did not involve contribution and joint tort-feasors but the equitable doctrine of indemnification.

The gravamen of the appeal by the hotel centers around the conclusion by the trial judge that the doctrine of *infra hospitium* applied to the case, thus to give rise to innkeeper liability of the hotel as an insurer. The hotel also complains that the jury should have been permitted to decide the question of liability of the garage under the hotel's cross-claim.

It is the holding of this court that the directed verdict in favor of the patron was proper. To the extent that the judgment precluded the jury from deciding the issue of lack of due care arising out of the

bailment of the car, the judgment must be reversed. Accordingly, we affirm the judgment in favor of the patron and reverse the judgment on the cross-claim against the garage.

█ The hotel's major point on appeal, expressed in numerous ways in its brief, is that it was error for the trial judge to have concluded, as a matter of law, that the garage was an integral part of the hotel. It appears all parties agree that this court correctly stated the law in this type of case in Hallman v. Federal Parking Services, D.C.Mun.App., 134 A.2d 382, 384 (1957). There we observed:

"[O]nce the property of a guest is taken into the custody and control of the innkeeper the goods are considered *infra hospitium* and the liability for loss or destruction of the goods imposed is that of an insurer, unless the property is lost or destroyed by an act of God, the public enemy, or by fault of the guest. This is undoubtedly the rule of common law having its source in the ancient case of Calye which dealt with the innkeeper's liability for the loss of a guest's horse put to pasture. The common-law rule is of force in this jurisdiction. The doctrine of *infra hospitium* has been applied in cases where a car or its contents are lost while in the exclusive care and custody of a hotel. However, where the hotel takes custody of the vehicle, as here, and delivers it to a lot or garage not an integral part of the hotel and thereafter a loss of the property occurs, the better rule imposes the liability of a bailee for hire on the hotel." *Id.* [Footnotes omitted.]

In the instant case, unlike *Hallman,* the garage was physically a part of the hotel structure, and access to it was only through the hotel lobby or by way of the ramp. The fact that the cost of parking

---

1. Hallman v. Federal Parking Serv., D.C. Mun.App., 134 A.2d 382 (1957).

2. It was harmless error for a mistrial to be denied where the patron's attorney argued subtly that replacement value be considered in the jury's award of damages because the amount ultimately awarded was substantially less than the proved market value at the time of loss.

by hotel patrons using the garage facilities was absorbed by the hotel adds weight to the determination that the garage was for this purpose an integral part of the hotel. *Cf.* Miller v. Commonwealth Motor Hotels, Inc., 267 N.E.2d 925 (Mass.1971). Moreover, it should make no difference that another business entity operated the garage or that the ticket handed the patron contained both the hotel and garage names.[3] There was certainly no privity between the patron and the garage. Viewed through the patron's eyes the garage reasonably was an integral part of the hotel. The disposition of the patron's claim on the basis of *infra hospitium* was therefore proper.

In this connection we observe that where the doctrine of *infra hospitium* is properly applied it is irrelevant that the hotel was not on notice as to the contents of the automobile left in its custody. Merchants Fire Assurance Corp. of New York v. Zion's Securities Corp., 109 Utah 13, 163 P.2d 319 (1945). Therefore, the hotel's contention that notice of "bailed" goods was required is without merit in this situation where the hotel is an insurer. To the extent that the record may be susceptible of a reading that notice as to the nature of contents was not given the hotel, no error exists.

■ The hotel also contends that it was prejudiced by a change in the theory of the case from that of a bailment relationship to that of an insurer through *infra hospitium*. This contention is also without merit as the hotel in responding to the patron's complaint and in preparing its case in bail-ment was fully apprised of all the legally operative facts relating to *infra hospitium*.[4] No surprise or prejudice results when the appropriate legal theory in the case utilizes only a part of the facts that are before the court and all of the parties concerned. *Cf.* Pacific National Fire Insurance Company v. Woods, 381 P.2d 824 (Okl.1963).

■ The cross-claim, treated by the trial judge as an equitable claim for indemnification, can be read as asserting a breach of duty in a bailment relationship. We do not believe that application of the doctrine of *infra hospitium* to the hotel should preclude it from having the jury decide the question of negligence as raised in its cross-claim. Whether characterized as contribution or indemnification the facts asserted posed an issue of negligence which pertained to the relationship between the hotel and the garage.[5] The garage attendant admitted having custody of the car and also testified regarding the failure to redeliver, thereby establishing a prima facie case of liability in bailment.[6] The liability of the garage for damages relating to nonuse of the automobile asserted in the hotel's cross-claim presented an issue of negligence that should have been submitted to the jury. We therefore reverse and remand the case for a new trial on the factual issues pertaining to liability arising from the relationship between the garage and the hotel. We do this since it cannot be determined with certainty that the trial court and the parties to the hotel's cross-claim fully appreciated the broadness of that cross-claim and the true importance of the relationship between those parties.

---

3.  Hallman v. Federal Parking Serv., *supra* note 1 at 386.

4.  Rule 2 of the Superior Court Rules of Civil Procedure contemplates one cause of action known as a "civil action" where the opposing party receives notice of the nature of the claim by the facts alleged in the complaint. *Cf.* Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800 (2d Cir., Oct. 29, 1971).

5.  Under similar rationale we see no reason why the application of *infra hospitium* to the hotel would render the patron's claim against the garage "moot" or preclude joint and several liability. Though the hotel's contention that the patron's action against the garage was not moot may be valid, the question is not before the court on the hotel's appeal absent the patron's cross-appeal. Accordingly, we do not decide the issue.

6.  Star Pontiac Co. v. Eastern Ins. Co., D.C.Mun.App., 184 A.2d 200 (1962); Quinn v. Milner, D.C.Mun.App., 34 A.2d 259 (1943).

Accordingly, we do not here undertake to consider separately the question of liability for nonuse of the car and the loss of the personalty in the car. A full development of that exact relationship will reveal an adequate basis on which to predicate a ruling as to liability for each loss.

Affirmed in part, reversed in part and remanded for further proceedings.