**BLACK BERET LOUNGE & RESTAURANT,**
Appellant,

v.

**Arthur S. MEISNERE, Appellee.**

No. 8933.

District of Columbia Court of Appeals.

Submitted March 27, 1975.

Decided April 22, 1975.

Donald Cefaratti, Jr., Washington, D. C., was on the brief for appellant.

No brief was filed on behalf of appellee.

Before NEBEKER and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

NEBEKER, Associate Judge:

Appellee won a judgment in the amount of $90 in the Small Claims and Conciliation Branch for the loss of his coat at appellant-restaurant. The trial judge based his award on a determination that a bailment of the coat had occurred. We granted appellant's application for allowance of appeal to review that conclusion. We reverse.

The record reveals that appellee hung his coat in an unattended cloakroom at the request of one of appellant's waitresses. Appellant made no charge for the use of this cloakroom and gave no claim check to appellee. A notice was posted in appellant's cloakroom disclaiming any responsibility for lost belongings. Appellee testified that he did not see any such notice.

We hold on these facts that there was no delivery of the coat to appellant resulting in a change of possession and control. Therefore, there was no bailment. Dumlao v. Atlantic Garage, Inc., D.C.App., 259 A. 2d 360 (1969); McClellan v. Allstate Insurance Co., D.C.App., 247 A.2d 58 (1968); Lewis v. Aderholdt, D.C.App., 203 A.2d 919 (1964). That the appellee used the cloakroom at a waitress' request, since the coat had fallen from a chair—a fact to which the trial judge attached considerable importance—has been held not to impose liability on the restaurant keeper for appellee's loss. Maher v. Chapins Lunch Co., 119 Pa.Super. 213, 180 A. 739 (1935). *See generally* 43 C.J.S. Innkeepers § 20b and n.49. *Cf.* Daidone v. Horn & Hardart Co., Sup., 237 N.Y.S.2d 920 (1963); Apfel v. Whyte's, Inc., 110 Misc. 670, 180 N.Y.S. 712 (1920).

Accordingly, we conclude that there was no bailment. The judgment of the trial court is

Reversed with instructions to enter judgment for appellant.