2. The seller's entire damage for a breach by the purchaser of such a contract being the difference between the contract price and the market price at the time and place for delivery, it follows that the seller not only is not entitled to recover from the purchaser the freight charges above set out, but can not recover the freight charges incurred by him in shipping the property from the point of destination back to the original shipping point.

3. The trial judge therefore did not err in awarding a nonsuit.

Judgment affirmed. Jenkins, P. J., and Hill, J., concur.
Decided November 29, 1921.

Action on contract; from city court of Zebulon — Judge Dupree. December 15, 1920.

W. H. Beck, for plaintiffs. Reagan & Reagan, for defendants.

---

12125.  American Laundry v. Hall.

Stephens, J. 1. Where a bailee, such as a laundry company, in accepting articles of wearing apparel from a customer, leaves with the customer a paper containing a memorandum of the articles bailed, with a printed notice thereon to the effect that in the event of loss or damage to the articles the bailee's liability therefor shall not exceed a certain sum, to be determined by its proportion to the amount charged for the laundering of the articles, the mere receipt by the customer of the memorandum containing such printed notice does not amount to an agreement and assent to the terms of the notice, and therefore there arises no special contract whereby the customer consents to any limitation of liability of the bailee on account of the latter's negligence.

2. The evidence authorized the verdict rendered for the bailor against the bailee for an amount in excess of the limitation stated in the notice for the negligent loss and damage to the articles bailed. The judge of the superior court, therefore, did not err in overruling the petition for certiorari.

Judgment affirmed. Jenkins, P. J., and Hill., J., concur.
Decided November 29, 1921.

Certiorari; from Fulton superior court — Judge Pendleton. December 9, 1920.

D. K. Johnston, for plaintiff in error. Morris Macks, contra.

---

12395.  Smith et al. v. Adair & McCarty Brothers.

Jenkins, P. J. The petition as amended prayed for an accounting and judgment for balances alleged to be due by defendants to plaintiffs as money had and received from the collection of certain fertilizer notes, under two written contracts, one dated February 10, 1912, and