14620.   RED-CROSS LAUNDRY *v.* TUTEN.

STEPHENS, J. 1. Where a laundry company, on accepting articles of wearing apparel from a customer for the purpose of laundering them, leaves with the customer a printed memorandum that the articles are accepted by the bailee with the understanding that the bailee is not responsible for damages in case of fire, there arises no contract releasing the bailee from liability for damage to the articles on account of fire, since there is no special agreement between the parties by which the bailor agrees to release the bailee from liability on account of the latter's negligence. *American Laundry Co.* v. *Hall,* 27 *Ga. App.* 717 (109·S. E. 676).

2. Where articles thus delivered to a laundry company were destroyed by a fire which destroyed the laundry plant of the bailee while the articles were in the bailee's possession, the loss was presumably due to the negligence of the bailee. Civil Code (1910), § 3469. This presumption of negligence was sufficient to authorize a verdict for the bailor in a suit against the bailee to recover for the loss of the articles thus destroyed, where the evidence concerning the cause of the fire was insufficient to remove every inference of negligence by the bailee.

3. Evidence that the fire which destroyed the plant occurred in the nighttime, after the plant had been closed down for the night, and that there was no inflammable material in the plant when one of the officials of the plant left the plant that night before the fire, that there was no regular watchman at the place, but that there was a man that slept on the place, who had made a round of the place before this official left, and that there was no one else besides this watchman at the place between eleven o'clock and the time of the fire, which occurred at three o'clock, is insufficient to remove all inferences of negligence by the defendant, since it does not appear what transpired between the time the official left and

44

the time of the fire, and since it does not appear that the so-called watchman remained at his post of duty, and since it does not appear that if he did remain, the fire was not caused by some negligent act of his which at law would be attributable, upon the theory of agency, to the defendant.

4. The evidence authorized the verdict for the plaintiff, and the judgment of the superior court, overruling the defendant's certiorari, was not error.

<em>Judgment affirmed. Jenkins, P. J., and Bell, J., concur.</em>

DECIDED FEBRUARY 2<em>ı</em>, 1924.

Certiorari; from Chatham superior court—Judge Meldrim. April 9, 1923.

*Lawrence & Abrahams,* for plaintiff in error.

*F. A. Tuten,* contra.