## 20684. DAVIS v. COCHRAN.

DECIDED OCTOBER 8, 1930.

*J. M. Lang,* for plaintiff in error. *J. G. B. Erwin,* contra.

BLOODWORTH, J. Tom Cochran sued R. O. Davis for criminal conversation, and in his petition alleged in part that by persua-

sion, scheming, and by devious ways the defendant "did entice plaintiff's wife, Daisy Cochran, to leave her home and come to a certain place in Calhoun, and then and there have unlawful sexual intercourse with her, with the wilful and malicious intention of debauching plaintiff's wife, and did thereby injure and damage plaintiff in the manner and amount as herein alleged." The defendant filed a plea in which he denied all the allegations of the petition except the one which alleged that the defendant lived in Gordon county. Upon the trial the plaintiff supported the allegations of his petition by proof. The defendant testified that he had on more than one occasion had intercourse with the wife of the plaintiff. The jury returned a verdict for $2000. The defendant filed a motion for a new trial. When this was overruled he filed a bill of exceptions.

The motion for a new trial contains several special grounds, each of which alleges that the court erred in the charge to the jury. When these alleged errors are read in connection with the principles of law which are hereinafter set out immediately following each alleged error, it will be seen that there is no merit in any of the grounds of the motion.

1. The 4th special ground of the motion alleges that the court erred in the following charge: "Under the facts of this case, it is the duty of the jury to render a verdict for some amount; as to what amount shall be a question for this jury to determine, and is not a question for determination of the court, or for any intimation on the part of the court as to what that amount should be." In 30 Corpus Juris, 1159, § 1056, the following principle is announced: "Under a general denial defendant can prove in bar only that he did not debauch the woman alleged to be the plaintiff's wife." And the undisputed evidence in this case demanded a verdict for some amount in favor of the plaintiff.

2. In the 5th special ground of the motion the following charge is alleged to be erroneous: "The husband may recover for the loss of the wife's affection and services, and for the mental anguish and disgrace he has sustained." This is sound law and is applicable to the facts of this case. In 21 Cyc. 1628 (8-1), it is stated that "the husband may recover for the loss of the wife's affections,' society, and services." In Vol. 30 of Corpus Juris, § 1163, citing a number of cases to support the statement, it is said that

"Damages should include compensation for the mental anguish suffered. . . Consequent disgrace inflicted on plaintiff in social and domestic relations may be considered as an element of damages." See, in this connection, Bigaoutte v. Paulet, 134 Mass. 123 (45 Am. R. 307); Shannon v. Swanson, 208 Ill. 52 (69 N. E. 869); Parker v. Newman, 200 Ala. 104 (6) (75 So. 479); Puth v. Zimbleman, 99 Iowa, 641 (68 N. W. 895).

3. In the 6th special ground of the motion the court is alleged to have erred in charging as follows: "Owing to the very nature of the offense, punitive or exemplary damages are recoverable." The court did not err in so instructing the jury. See 30 Corpus Juris, § 1166, where it is said: "In jurisdictions where exemplary damages may be recovered in court actions, owing to the very nature of the offense punitive or exemplary damages are recoverable, malice being presumed." See also Joseph v. Naylor, 257 Penn. 561 (2) (101 Atl. 846).

4. Plaintiff in error alleges that the court erred in charging the jury as follows: "The fact that the wife consents to the act does not defeat the husband's right of action." There is no error in this charge. See 21 Cyc. 1628 (4).

5. In the 8th special ground of the motion complaint is made that the court charged the jury as follows: "The form of your verdict will be, as you find the facts, 'We, the jury, find for the plaintiff' so many dollars, or so much." Under the pleadings and evidence the jury could not have found in favor of the defendant. He filed a plea of general issue only, and on the trial he admitted his guilt. See, in this connection, Sikes v. Tippins, 85 Ga. 231, 235 (11 S. E. 662).

6. The evidence supports the verdict.

Judgment affirmed. Broyles, C. J., and Luke, J., concur.