27459.  ADCOCK *v.* THE STATE.

DECIDED JUNE 16, 1939.

*Earl Staples,* for plaintiff in error.
*Robert D. Tisinger,* solicitor, contra.

MACINTYRE, J.  Eukling Adcock was convicted of a misdemeanor by operating a dance hall in a county having a population of more than 3000 inhabitants, without first obtaining the permission of the commissioners of roads and revenues or other authority in charge of such county.  A motion for new trial was overruled and the defendant excepted.  He contends that the act approved March 29, 1937 (Ga. L. 1937, p. 624), under which he was convicted, was repealed by the act approved March 30, 1937

(Ga. L. 1937, p. 625). Section 1 of the act first cited declares that from and after its passage "no person, firm, or corporation shall establish, maintain, or operate any public dance hall, boxing or wrestling arena or amusement place, tourist camps and barbecue stands, for money or profit, outside the limits of incorporated towns or cities in any county in this State having a population of 3000 or more, according to the last or any future Federal census, without first obtaining the permission of the commissioners of roads and revenues or other authority in charge of such counties." The subsequent act declares that from and after its passage "no person, firm, or corporation shall establish, maintain, or operate any public dance hall, swimming-pool, tourist camp, barbecue stand, boxing or wrestling arena or amusement place, for money or profit, outside the limits of incorporated towns or cities in any county in this State having a population of more than 57,000 according to the last or any future Federal census, without first obtaining the permission of the commissioners of roads and revenue or other authority in charge of such counties. . . Section 4. Be it further enacted, that all laws and parts of laws in conflict with this measure be and the same are hereby repealed."

The act approved March 30, 1937, does not repeal the act approved March 29, 1937. "Subsequent legislation repeals previous inconsistent legislation, whether it expressly declares such repeal or not. In the nature of things it would be so, not only on the theory of intention, but because contradictions can not stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance. In Winslow v. Morton [118 N. C. 486, 491, 24 S. E. 417] the court sums up the general principles touching implied repeals, in the form of rules which it formulates as follows: (1) 'That the law does not favor a repeal of an older statute by a later one by mere implication.' (2) 'The implication, in order to be operative, must be necessary; and if it arises out of repugnancy between the two acts, the later abrogates the older only to the extent that it is inconsistent and irreconcilable with it. A later and an older statute will, if it is possible and reasonable to do so, be always construed together, so as to give effect not only to the distinct parts or provisions of the latter, not inconsistent with the new law, but to give

effect to the older law as a whole, subject only to restrictions or modifications of its meaning, when such seems to have been the legislative purpose. A law will not be deemed repealed because some of its provisions are repeated in a subsequent statute, except in so far as the latter plainly appears to have been intended by the legislature as a substitute.' (3) 'Where the later or revising statute clearly covers the whole subject-matter of antecedent acts, and it plainly appears to have been the purpose of the legislature to give expression in it to the whole law on the subject, the latter is held to be repealed by necessary implication.' Repeals by implication are not favored. This means that it is the duty of the court to so construe the acts, if possible, that both shall be operative. 'When some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject.'" 1 Sutherland's Statutes and Statutory Construction, 463-467. See *Carter* v. *Johnson*, 186 *Ga.* 167, 170 (197 S. E. 258); *MacNeill* v. *Steele*, 186 *Ga.* 792, 794 (199 S. E. 99).

It would seem from the parts of the two acts above quoted that the first act was intended to require the permission of the county commissioners in the counties in the State having a population of 3000 or more, in order to "establish, maintain, or operate any public dance hall, boxing or wrestling arena or amusement place, tourist camps and barbecue stands, for money or profit outside the limits of incorporated towns or cities" in said county. The repetition in the second act of the businesses named in the first act was, we think, for the purpose of emphasizing or making clear that the second act was not repealing the first, but was making a like restriction on an additional business, to wit: swimming-pools located outside of the limits of incorporated towns or cities in counties having a population of more than 57,000. The mere overlapping or duplicating of restrictions on certain kinds of businesses enumerated in both of the acts which are not inconsistent or repugnant, but on the contrary are stated in both acts in the same words, does not, we think, constitute an intent on the part of the legislature to repeal the first act by enacting the second; and our opinion is strengthened by the fact that the second act was passed on the day following the passage of the first act and at the same session of the legislature.

"The presumption is that different · acts passed at the same session of the legislature are imbued by the same spirit and actuated by the same policy, and that one was not intended to repeal or destroy another, unless so expressed." 1 Sutherland's Statutes and Statutory Construction, 513. The second act was not so inconsistent with and repugnant to the first act as to repeal it by implication.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*