## CONNOR *v.* O'BRIEN.

No. 14935.   SEPTEMBER 7, 1944.

*George G. McCoy,* for plaintiff in error.

*Hester & Clark,* contra.

GRICE, Justice. The act approved March 30, 1937 (Ga. L. 1937, p. 753), a portion of which is quoted in the first question propounded by the Court of Appeals, does not purport to expressly repeal the provision contained in the Code, § 61-301, which is quoted in the second question. Repeals by implication are not favored, and never occur except where the later act is clearly and indubitably contradictory and contrary to the former act, and the repugnance is such that the two can not be reconciled. *Montgomery* v. *Board of Education,* 74 *Ga.* 41; *Swift* v. *Van Dyke,* 98 *Ga.* 725 (26 S. E. 59) ; *Moore* v. *State,* 150 *Ga.* 679. (104 S. E. 907). In order to bring about a repeal by implication, the legislative intent must be clear, manifest, and irreconcilable with intent not to repeal. *Griggs* v. *Macon,* 154 *Ga.* 519 (114 S. E. 899) ; *Cornwell* v. *Atlanta Trust Co.,* 177 *Ga.* 303 (170 S. E. 194) ; *McGinty* v. *Gormley,* 181 *Ga.* 644 (183 S. E. 804) ; *Britton* v. *Bowden,* 188 *Ga.* 806, 811 (5 S. E. 2d, 47). What is there in the act of 1937 that is in conflict with the provision in the Code, § 61-301, which among other things declares that the owner's attorney in fact may go before a proper judicial officer and make oath to the facts? What is there in that act which discloses a legislative intent irreconcilable with the intention not to repeal? The Code section declares in effect that an attorney in fact may make the affidavit. What affidavit? The Code section says, "make oath to the facts." The act of 1937 says, not that it shall be unlawful for any attorney in fact to "make oath to the facts," to "swear out the warrant," or to "make the affidavit upon which the proceeding is based," but that *"in preparing and filing affidavits* [italics supplied] upon which the following summary proceedings

are based, to wit, . . it shall be unlawful for the plaintiffs to act through any agent or employee that is not a duly licensed attorney at law." There is nothing irreconcilable in an act which says that no agent other than a duly licensed attorney at law shall prepare and file the affidavit required, and a Code section which authorizes an attorney other than an attorney at law to *make* oath to the facts. Since the two can be reconciled, it is the duty of the courts, under the authorities cited, in seeking the legislative intent, to harmonize the two, if they can be harmonized, rather than to give to the later act the force of an implied repeal of the former law.

It has been suggested that the General Assembly in enacting the amendment of 1937, was activated by the decision of this court in *Sharp-Boylston Co.* v. *Haldane*, 182 *Ga.* 833 (187 S. E. 68), and that the act amounted to a practical reversal of that decision as to what would constitute the practice of law. That may be true, but it does not follow that the act of 1937 operated to repeal so much of the Code, § 61-301, as provides that any agent may make the affidavit which is the basis of the proceeding, as was held in *Morgan* v. *Fidelity Trust Co.*, 65 *Ga. App.* 873 (16 S. E. 2d, 522). Both questions propounded are answered in the *negative.* *All the Justices concur.*