## 42504. UNITED STATES SECURITY WAREHOUSE, INC. v. BROOKS et al.

PANNELL, Judge. 1. Where the only relevancy of a difficulty is to show the state of feelings between the parties, the fact of the difficulty may be admissible but its particulars are not. *Carter v. Dixon,* 69 Ga. 82 (7); *Eugee v. State,* 159 Ga. 604 (11) (126 SE 471); *McDuffie v. State,* 121 Ga. 580 (7) (49 SE 708). It follows, therefore, that the letter which the defendant sought to introduce in evidence, and which went into the particulars of the difficulty between the witness and the defendant, was properly excluded.

2. " 'In all cases of bailment, after proof of loss, the burden of proof is on the bailee, to show proper diligence. [*Code* § 12-104].' *Johnson v. State,* 58 Ga. 396, 397; *Central R. Co. v. James,* 117 Ga. 833 (45 SE 223); *Tuggle v. State,* 119 Ga. 969 (47 SE 577); *Heidt v. Southern Tel. & Tel. Co.,* 122 Ga. 474 (50 SE 361); *Morris Storage Co. v. Wilkes,* 1 Ga. App. 751 (58 SE 232)." *Johnson v. Perkins,* 4 Ga. App. 633, 635 (62 SE 152).

3. "A presumption of *negligence* arises, if alleged, where possession is shown in the bailee at the time of damage to the property. *Millender v. Looper,* 86 Ga. App. 430 (71 SE2d 724). The rationale of putting the burden of showing diligence on the bailee after loss or damage is shown while the property is

in the possession of the bailee is that the bailee alone is in position to know the facts and circumstances surrounding the loss or damage and that most often it would be impossible for an owner or legal possessor of property to prove negligence on the part of a bailee." *Henry Grady Hotel Corp. v. Grady Motors,* 96 Ga. App. 416, 420 (100 SE2d 125).

4. "All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed. Different degrees of diligence are required, according to the nature of the bailments." *Code* § 12-103.

5. Where as in the present case, an action by a bailor against a bailee, seeking recovery for damages to the property of the bailor while in possession of the bailee the evidence showed that the only possible cause of the fire which damaged the plaintiff's property stored in the defendant's warehouse was defective wiring of a heater installed under the floor of a minus 5 degree storage room to prevent the earth from freezing and buckling the floor, and that defendant knew of exposed wiring on the floor below where the property was stored prior to its storage therein; and the defendant bailee's sole defense was testimony that several weeks prior to the fire the electric current to these wires was turned off by placing a switch in an off position or by disconnecting the wire to the switch, and there was other evidence that during several days immediately before the fire, and on the late afternoon before the fire that night, all of the switches were in the on position and all the wires were connected, and the defendant bailee offered no evidence as to the cause of the fire or any evidence explanatory of the fire in any way, and there was evidence that spontaneous combustion would not occur in the minus 5 degree temperature. *Held:*

Upon application of the foregoing rules to this case, we cannot say that the trial judge erred in directing a verdict against the defendant for the amount agreed upon by the parties for the damages suffered, the sole question litigated being that of liability.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED JANUARY 6, 1967—DECIDED MAY 19, 1967—
REHEARING DENIED JUNE 9, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe,*

*Jr., Donald A. Weissman, Foley, Chappell, Young, Hollis & Schloth, Howell Hollis,* for appellant.

*Kelly, Champion & Henson, S. E. Kelly, John W. Denney, J. Norman Pease,* for appellees.