## 49322. ALDRIDGE v. MERCANTILE NATIONAL BANK.

BELL, Chief Judge.

The plaintiff after obtaining money judgments invoked post judgment discovery to locate assets and sources of income of defendant under CPA § 69 (Code Ann. § 81A-169). At his deposition, defendant testified that he acted as a "finder" for insurance companies seeking a merger; that a potential merger was under discussion for which he had been orally promised a "finder's fee" if the merger was consummated. He refused, however, to name the parties to the proposed merger. Plaintiff moved for an order to compel an answer and for expenses and attorney fees. After a hearing, plaintiff's motion was granted. *Held:*

1. There is no merit in the contention that defendant was privileged to refuse an answer on the grounds that an answer would cause a forfeiture of his

estate and interfere with defendant's right to earn a living. *Plunkett v. Hamilton,* 136 Ga. 72 (7) (70 SE 781).

2. It is argued that since the facts show that the finder's fee was not then due as the merger had not been consummated, the amount of the finder's fee could not be reached by a summons of garnishment. While this is true the argument and case law are not in point as plaintiff has not attempted to serve a summons of garnishment. Plaintiff is trying to gather information by discovery which may authorize it in the future to proceed to satisfy all or part of the judgment debt of defendant by service of summons of garnishment on a third party. Thus the issue here is not whether a proceeding in garnishment is proper but whether information as to a potential or contingent source of income is discoverable. We think it is. The purpose of post judgment discovery under CPA § 69 is to aid a litigant to recover on a liability which has been established by a judgment and any question that seeks information which would lead to any property or sources of income of the judgment debtor is pertinent and allowable. *Bradley v. Coach & Six Restaurants,* 112 Ga. App. 278 (145 SE2d 55). The fact that the source of income is potential or contingent cannot be utilized as a refuge for a judgment debtor to defeat the payment of a debt that he has been commanded by the law to pay.

3. As the trial court found that the refusal to answer was not substantially justified the award of expenses and attorney fees was authorized. CPA § 37 (a) (4) (Code Ann. § 81A-137 (a) (4)).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 6, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED OCTOBER 2, 1974 —

*Lefkoff & Hanes, Paul L. Hanes, George M. Fox,* for appellant.

*Haas, Holland, Levison & Gibert, Robert L. Schwind,* for appellee.