## 29294. HAYNIE v. A & H CAMPER SALES, INC.

HILL, Justice.

This case is before the court on certiorari. See *Haynie v. A & H Camper Sales,* 132 Ga. App. 509 (208 SE2d 354).

The plaintiff, Mr. Haynie, delivered his 1972 Holiday Rambler trailer to the defendant, A & H Camper Sales, Inc., for the purpose of having the defendant make some repairs. At the time the trailer was delivered to the defendant, plaintiff signed a work authorization which contained the following language:

"Not responsible for loss or damage to vehicles or articles left in vehicles in case of fire, theft or any other cause beyond our control."

That night, plaintiff's trailer was removed from defendant's premises. Plaintiff filed suit against the defendant as bailee for the value of the trailer and personalty therein, alleging the removal to have resulted from defendant's negligence. Relying on the above quoted disclaimer, defendant moved for a summary judgment, which was granted by the trial court. Plaintiff appealed, and the Court of Appeals affirmed.

At common law, the bailee generally was under a duty to return the chattel to the bailor at the termination

of the bailment. See 8 AmJur2d 1054, Bailments, § 164; 8 CJS 455, Bailments, § 37.

The common law rules relating to bailment have been codified and sometimes modified. The following sections of our Code are pertinent to our consideration. Code § 12-403 provides: "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safe-keeping and return of the automobile." Code § 12-408 provides: "In all such cases, the bailee is not only bound to exercise skill in the labor and work bestowed, but it is a *part of the contract* that he shall exercise ordinary care and diligence in keeping and protecting the articles intrusted to him." (Emphasis supplied.)

More pertinent however is Code § 12-106, which provides: "In order for a bailee to avail himself of the act of God or *exception under the contract* as a defense, *he must establish not only that the* act of God or *excepted fact ultimately occasioned the loss,* but that his *own negligence did not contribute thereto.*" (Emphasis supplied.)

Limitations of liability written by bailees undertaking to limit their common law responsibilities have been accepted by the courts. Such contractual limitations have become so frequent that the lawmakers have made provision for them. In order for a bailee to avail himself of an exception under the contract, he must establish (1) that the loss was occasioned by the exception, and (2) that his own negligence did not contribute thereto. Code § 12-106, supra.

In the case before us, plaintiff alleged that the defendant negligently allowed the trailer to be removed by an unauthorized person or persons. Thus, although defendant need not necessarily prove that the loss was occasioned by one of his exceptions, to wit: theft, defendant must establish that his own negligence did not contribute thereto. See Code § 12-104.

It is tempting to go on, as appellant has urged us to do, and consider Code § 20-704 (5). (See Revenue Aero Club v. Alexandria Airport, 192 Va. 231 (64 SE2d 671)). Further pursuit might show that the addition by defendant of the words "beyond our control" leads to the

same result as the above quoted sections of our Code.

There is no need to pursue the matter, however, because our law has made provision for contractual exceptions such as the one presented here.

The defendant's motion for summary judgment should have been denied. The evidence submitted by defendant in support of its motion for summary judgment did not establish that defendant's negligence did not contribute to the loss.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Jordan and Hall, JJ., who concur in the judgment only.*

ARGUED NOVEMBER 14, 1974 — DECIDED FEBRUARY 11, 1975.

*Amos R. Worth,* for appellant.
*Hurt, Hill & Richardson, W. Seaborn Jones, T. Cullen Gilliland,* for appellee.