## 52217. WHITE v. ATLANTA PARKING SERVICE COMPANY.

MARSHALL, Judge.

This case involves the loss of personal property left in appellant's car while it was parked in appellee's garage. Appellee is the operator of a downtown Atlanta parking garage. Appellant is the president of a private corporation, White and Jewett, P. C. The corporation owned the car in question which was driven almost exclusively by the appellant for his business and personal use. Appellant entered into a monthly parking agreement with appellee, which provided that for a set monthly fee appellant was entitled to a designated parking space. One of the conditions of the agreement was that: "APS Co. is not responsible for articles left in car."

One morning appellant delivered the car into the possession of appellee. When he reclaimed the car that afternoon, he discovered that the contents of the trunk of the car were missing. The items missing were golf equipment, a travel bar, a tennis racket and some camera equipment, of an alleged value of $2,259. Appellant alleged that a bailment relationship existed with appellee as to these items and that appellee breached its duty of ordinary care in suffering the contents to disappear. Appellee defended, inter alia, on the ground that the disclaimer as to the articles left in the car precluded appellant's recovery on this action. After some discovery, appellee moved for summary judgment on the ground that no bailment of the contents was created because of the disclaimer. The trial court granted the motion, and appellant appeals. *Held:*

1. Was there a bailment of the contents? There is no question that there was a bailment of the car. See Code Ann. § 12-403. But appellant contends there was also a bailment of the contents of the car. The case of *Davidson v. Ramsby,* 133 Ga. App. 128 (210 SE2d 245) is in point on this issue. In that case the bailor left his car in a parking lot operated by Ramsby for the Ambassador Restaurant. A parking check was given to the bailor which stated: "Not responsible for items left in car." The

car was stolen and later recovered but numerous personal articles were missing from the interior. The trial court granted Ramsby's motion for summary judgment on grounds that either no bailment was created as to the contents or the exculpatory language on the parking check absolved Ramsby from liability. The Court of Appeals reversed. On the question of whether a bailment was created as to contents of a car the court reviewed several authorities and concluded that "a bailee for hire as to an automobile is not liable for the contents thereof unless he has actual or implied knowledge or notice as to such contents. If the articles are such as the bailee might 'reasonably expect' to be therein this would be sufficient notice." Id. p. 133. Because a jury question was created as to what is "reasonably expected" to be in the car, the court concluded summary judgment should not have been granted.

In the present case the appellant has submitted evidence in response to interrogatories that agents of the appellee had *actual knowledge* of aforementioned contents because on numerous occasions he had opened the trunk of the car in their presence. Under this state of the evidence, at the very least a jury question would be presented as to whether appellee knew of the personal property in the trunk. Construing the evidence most favorably to the appellant, as we must in summary judgment cases, a bailment was created as to the contents.

2. Was the bailment absolved by the disclaimer? In *Davidson,* supra, p. 130, the court held that the disclaimer as to articles left in the car was ineffective apparently because the evidence did not show the bailor read the parking ticket or was otherwise aware of the language. In *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (175 SE2d 901), the majority held that the bailor, even though he had not read the ticket, was charged with knowledge of a disclaimer, "No bailment is created," printed on the parking ticket and given to the bailor. We need not reconcile these differences of opinion as it is admitted by the appellant in the present case that he read the condition in the agreement.

It is appellant's contention that while parties to a

bailment may contract to limit or absolve the bailment relationship, the bailee may not rely on a disclaimer in the contract as a defense unless he meets the requirements of Code Ann. § 12-106. It provides: "In order for a bailee to avail himself of the act of God *or exception under the contract* as a defense, he must establish not only that the act of God *or excepted fact* ultimately occasioned the loss, but that his own negligence did not contribute thereto." (Emphasis supplied.) Appellant contends that because the disclaimer is an exception to its liability, that appellee may not rely on the disclaimer as a defense until it has shown that its own negligence did not contribute to the loss. *Haynie v. A & H Camper Sales,* 233 Ga. 654 (212 SE2d 825).

In *Haynie,* supra, the Supreme Court reversed the Court of Appeals and held that Code Ann. § 12-106 required the bailee to show the absence of negligence before it could rely on exculpatory language in a work authorization. The language there was, " 'Not responsible for loss or damage to vehicles or articles left in vehicles in case of fire, theft or any other cause beyond our control.' " Id. p. 654.

Our view of Code Ann. § 12-106 is that it is inapplicable to the present case. Here the exculpatory language did not attempt to limit the bailee's liability by excepting certain perils from the bailee's risk, e.g., fire, theft, etc. Instead it was a complete absolution of liability from all perils. The contract does not set up "exceptions" within the meaning of Code § 12-106, but states that there is no liability for loss from any cause. In effect the language said that no bailment was created as to the contents of the car. See *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (1), supra. Thus, even if the jury were to find that a bailment was created by law, the parties have by contract absolved the bailment. The parties are not prohibited from abolishing a bailment relationship by their own agreement. *Brown v. Five Points Parking Center,* 121 Ga. App. 819, 821, supra. See also *Haynie v. A & H Camper Sales,* 132 Ga. App. 509, 511 (208 SE2d 354), reversed on other grounds in *Haynie v. A & H Camper Sales,* 233 Ga. 654, supra.

3. The contract is binding on appellant even though

the contract is between the appellee and a corporation, of which appellant is president. The appellant signed the contract as president — a descriptio personae, and not by him as agent for the corporation. *Candler v. DeGive,* 133 Ga. 486, 487 (66 SE 244); *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.,* 96 Ga. App. 219, 221 (99 SE2d 545). Furthermore, appellant may not claim the benefits of the bailment relationship and at the same time renounce the provisions of the contract which creates the bailment.

4.  Finally, appellant contends that the trial court's failure to make findings of fact and conclusions of law was reversible error as same are required by CPA § 52 (a) (Code Ann. § 81A-152 (a)). This enumeration is without merit. The cited Code section clearly provides: "Findings of fact and conclusions of law are unnecessary on decisions of motions under section . . . 81A-156." Unlike *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471), cited by appellant, there was no trial upon the facts. Instead the judgment was based on the granting of the appellee's motion for summary judgment.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED MAY 4, 1976 — DECIDED JUNE 14, 1976 —
REHEARING DENIED JULY 8, 1976 —

*White & Jewett, C. Lawrence Jewett,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, James H. Coil, III, D. Lurton Massee, Jr.,* for appellee.