## 53775. WILLIAMSON v. WEEKS.

WEBB, Judge.

In pre-trial discovery in an action seeking vindictive damages pursuant to Code § 105-2003 for criminal conversation and alienation of his wife's affections, Weeks made demand for production of extensive information and data regarding Williamson's financial affairs and property holdings over a five-year period. In response, by a motion for protective order, Williamson claimed the information to be privileged, contending that production of this information and answers to questions as to his financial affairs might tend to incriminate him or work for a forfeiture of his estate. The trial judge denied the protective order and certified the judgment for immediate review, and we have granted an interlocutory appeal.

It is clear that where "the entire injury is to the peace, happiness, or feelings of the plaintiff," the jury is allowed to weigh the defendant's "worldly circumstances," i.e., his financial worth. Code § 105-2003; *Hodges v. Youmans,* 129 Ga. App. 481, 486 (8) (200 SE2d 157) (1973). Recovery under this Code section has been allowed for breach of promise to marry (*Morris v. Stanford,* 58 Ga. App. 726 (199 SE 773) (1938)), for criminal conversation (*Davis v. Cochran,* 42 Ga. App. 215

(155 SE 379) (1930)) and for alienation of affections (Orr v. Sasseman, 239 F2d 182 (CA 5, 1957, applying Georgia law)). However, "evidence of a defendant's present worth is relevant, but evidence of his past wealth and earnings is not."

Consequently the case is remanded with direction that the trial court determine whether that portion of the motion to produce which seeks information of past earnings is appropriate. *Hodges v. Youmans,* 129 Ga. App. 481, 488, supra.

*Judgment affirmed with direction. Deen, P. J., and Marshall, J., concur.*

ARGUED APRIL 7, 1977 — DECIDED APRIL 15, 1977 — REHEARING DENIED APRIL 29, 1977 — ▮▮▮▮▮▮▮▮

*Floyd & Stanford, Jackson C. Floyd, Jr., C. Glenn Stanford,* for appellant.

*Ross & Finch, A. Russell Blank,* for appellee.