## 54284. KUSHNER v. MASCHO.

SMITH, Judge.

The appellant Kushner, having obtained a money judgment against Mascho, attempted post-judgment discovery under CPA § 69 (Code Ann. § 81A-169) and Code § 38-801. The appellee's only response to substantive questions upon deposition and to a subpoena for the production of documents was that the answers, and the documents, would tend to work a forfeiture of his estate. The appellant moved for an order compelling discovery, which was denied. Finding the interposed objection to discovery — forfeiture of estate — to be invalid, we reverse the judgment.

Code § 38-1205, which defines as privileged those matters which tend to work a forfeiture of estate, is inapplicable to post-judgment discovery proceedings geared toward uncovering or identifying assets to satisfy the judgment. We have found no Georgia case which speaks clearly on the subject, but a decision by the federal district court, although erroneously reliant upon two cases which held merely that answers which might cause the loss of employment are not within the purview of the forfeiture privilege (*Plunkett v. Hamilton,* 136 Ga. 72 (70 SE 781) (1911); *Aldridge v. Mercantile Nat. Bank,* 132 Ga. App. 788 (209 SE2d 234) (1974)), has stated cogent reasoning for our interpretation: "It is clear that any forfeiture in the instant case would not result from the answering of the questions or production of documents, but rather, as a result of the judgment already entered by this Court. Any other interpretation of this privilege would make the Georgia post-judgment discovery rules meaningless." First Federal Savings & Loan Assn. of Rochester v. Fisher, 422 FSupp. 1 (N.D. Ga. 1976).

The cases relied upon by the appellee to support his contention that the forfeiture privilege is applicable in post-judgment discovery proceedings involved objections founded upon both the forfeiture *and* self-incrimination privileges of Code § 38-1205. See *Busby v. Citizens Bank,* 131 Ga. App. 738 (206 SE2d 640) (1974); and *Townsend v. Northcutt,* 121 Ga. App. 230 (173 SE2d 470) (1970). As the District Court pointed out, the self-incrimination

privilege involves "important policy and constitutional implications" not applicable to the forfeiture privilege. 422 FSupp. p. 3.

We conclude, therefore, that the state court's denial of the appellant's motions was based upon an erroneous interpretation of the forfeiture privilege, and the case is remanded for reconsideration of the motions.

*Judgment reversed. Bell, C. J., Deen, P. J., Webb, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents. Quillian, P. J., not participating.*

ARGUED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 9, 1977 —

*Turem & Kirschner, Andrew R. Kirschner, Gary E. Jackson,* for appellant.

*Richard E. Thomasson, O. H. Williamson,* for appellee.

McMURRAY, Judge, dissenting.

We have for consideration here the right of a litigant to refuse to testify against himself in a post-judgment discovery proceeding because to do so would tend to work a forfeiture of his estate. Defendant's answer to each and every question with reference to his financial condition was and would be simply that the information, or furnishing of such information, sought of him as a witness-litigant against himself "might tend to work a forfeiture of the defendant's estate." On motion of the plaintiff to compel discovery, the trial court denied same, and defendant appeals.

Georgia goes much further in the protection of the party as a witness against himself than does the Fifth Amendment of the Constitution of the United States (Code § 1-805) which offers merely protection "in any criminal case to be a witness against himself..." Our Constitution provides that "[n]o person shall be compelled to give testimony tending in any manner to criminate himself," whether it be a civil or criminal case. Constitution of 1976, Art. I, Sec. I, Par. XIII (Code Ann. § 2-113); Constitution of 1945, Art. I, Sec. I, Par. VI

(formerly Code Ann. § 2-106). The General Assembly then in its wisdom further enlarged and extended this privilege as found in Code §§ 38-1102 (discovery) and 38-1205 (testimony), further than it did with Code § 38-417, which merely repeats the constitutional protection.

Consequently, we must first determine here the meaning of these statutes. Without doubt, the witness availed himself of the statutes, and as to this post-judgment defendant, it would tend to work a for-feiture of his estate. Without questioning the wisdom of the legislature, I can only say the language means what it says and says what the legislature meant to say. It is not ambiguous and gives these privileges to the litigant to refuse to testify. The court, in substance, agreed that if he testified it would tend to work a forfeiture of his estate as the substance of the request was to set forth any assets he might have against him obviously for execution of the fi. fa. See *Prince & Paul v. Don Mitchell's WLAQ, Inc.,* 127 Ga. App. 502 (2) (194 SE2d 269).

Without dealing with the matter on the basis of repeal, the majority seemingly is of the opinion that these Code sections have been amended by implication by the adoption of the Georgia Civil Practice Act (CPA), which adopted new discovery legislation without specifically deleting all older law on the subject matter. See Code Ch. 38-21 (Ga. L. 1959, p. 425 et seq.). But even in 1959, no repeal was had as to Code §§ 38-1102 and 38-1205; and, thereafter, about all the Civil Practice Act did was to recodify into the new Act (CPA-Ga. L. 1966, p. 609 et seq., and as amended) our discovery rules found in our statutes, although many statutes were not repealed or otherwise placed in the CPA. It did not repeal Code §§ 38-1102 or 38-1205, which are extremely similar as to privilege matters to a party or to a witness (see also Code § 38-1711) although in each instance the word "party" is used. Nor do I consider them repealed by implication as there are no conflicts with the different statutes. The language of these Code sections is not merely based on the constitutional protection above, but additional language other than "criminate" oneself has been added. These statutes read, "No party shall be required . . . to expose

him to a penalty or forfeiture. . ." (Code § 38-1102) and "[n]o party shall be required to testify as to any matter . . . which shall tend to work a forfeiture of his estate, or which shall tend to bring infamy or disgrace or public contempt upon himself or any member of his family" (Code § 38-1205).

In the instant case the majority view the words as to the forfeiture privilege to be based on the constitutional protection against self-incrimination, hence its reasoning must be based upon partial repeal by implication with the 1959 adoption of post-judgment discovery which appears to be an afterthought in the legislative minds as to discovery at law. See Ga. L. 1959, pp. 425, 443. However, specific Code sections were repealed and amended, and no attempt was made to repeal or amend the Code sections here involved. Repeals by implication are not favored. *Erwin v. Moore,* 15 Ga. 361; *Adcock v. State,* 60 Ga. App. 207, 209 (3 SE2d 597); *Connor v. O'Brien,* 198 Ga. 221, 222 (31 SE2d 399). Nor do these statutes protecting the litigant render meaningless the post-judgment discovery rules since the witness or party may waive the privilege and also must avail himself of the privilege when called upon to testify.

The majority also cite a federal district court decision as to forfeiture and hold that forfeiture does not result from answering the question but, "as a result of the judgment" which the applicant seeks in the subpoena. But, "tend to work a forfeiture," the language as found in Code § 38-1205, would apply to enforcement of the judgment, and the respondent amply answered by urging the privilege protection even without the constitutional protection guaranteed as well, such as "criminate" or "tend to criminate." In *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377), our Supreme Court, after reviewing almost all of the decisions dealing with the privilege held that the court must decide if answers could incriminate before leaving the decision to the witness as to whether the answers might tend to criminate him. Here the defendant in a post-judgment case did not elect to stand on the "criminate" or "tend to criminate" language, but only upon the language "tend to work a forfeiture of his estate." Compare *Townsend v. Northcutt,* 121 Ga. App. 230 (173

SE2d 470); *Prince & Paul v. Don Mitchell's WLAQ, Inc.,*
127 Ga. App. 502, supra.

The trial court in denying the motion to compel
answers could only have decided that it would tend to
work a forfeiture of his estate. To decide otherwise would
involve only a play on words, and while *Mallin v. Mallin,*
227 Ga. 833, supra, did not decide this language but
merely the constitutional right to refuse, it is authority
for the trial court's refusal to require an answer here.

Accordingly, I would affirm the trial court. I
therefore respectfully dissent.