## 59037. FLEMING v. BUSEY.

DEEN, Chief Judge.

Under the Civil Practice Act, a judgment creditor has the right, in aid of the execution, to examine any person under civil practice rules relating to depositions and interrogatories. Code § 81A-169. Any question which would lead to any property or sources of income of the judgment debtor is pertinent and allowable. *Aldridge v. Mercantile Nat. Bank,* 132 Ga. App. 788 (209 SE2d 234) (1974). Post-judgment discovery procedures have for their purpose identifying assets to satisfy the judgment. *Kushner v. Mascho,* 143 Ga. App. 801 (240 SE2d 290) (1977). In the *Aldridge* and *Kushner* cases the proposed deponent was the judgment debtor.

In the present case the proposed deponent is the wife of the judgment debtor, who was concurrently served with a subpoena duces tecum to bring various records, including tax returns, bank records, deeds, etc. on property apparently held of record in her name alone. She moved for a protective order as to any questions, or the production of any records, relating to property belonging solely to herself. Accompanying the motion is appellant's affidavit to the effect that her husband (the judgment debtor) suffered a severe heart attack in 1972 and has been dependent on a social security disability pension

since that time; that appellant pays the cost of all shelter expenses, works part time, and has interest income from her own personal estate which pays for the necessities of life for her family; that the parties have no jointly held property or savings account, nor has she received anything from her husband since 1972, and that she objects to being examined on her own personal financial affairs and income tax returns on subjects in which her husband has no concern. The appellee offered no evidence which would tend to controvert the statements.

The protective order was denied and Mrs. Fleming appealed. A motion to dismiss the appeal has been filed by Busey, the judgment creditor, on the ground that it has been rendered moot by the filing of a bankruptcy petition on behalf of the judgment debtor, to which motion appellant replies that the appellee has in fact taken a deposition of the appellant pursuant to Bankruptcy Rule 205, that she did produce certain financial records, and that she refused to answer three questions relating to her personally owned property.

It appears to this court that in the present status of the case the question of whether certain questions taken on interrogatory or deposition (as to which we have no precise information) directed to a person other than the judgment debtor are better dealt with in the bankruptcy court than in the trial court, the former being the arena where the judgment creditor must present his claim. We therefore deny the motion to dismiss and reverse the judgment of the trial court denying the protective order. Cf. *Munn v. Munn,* 116 Ga. App. 297 (157 SE2d 77) (1967).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED FEBRUARY 15, 1980.

*Jay E. Loeb,* for appellant.
*John G. McCullough, A. Mims Wilkinson, Jr.,* for appellee.