## 62709. RAE v. GRIFFIN.

BANKE, Judge.

The jury's verdict in this malicious prosecution suit reads as follows: "We find in favor of the plaintiff: (1) No $ - personal damages; (2) No $ - punitive damages; and (3) The defendant is responsible for $2,500.00 of the plaintiff's legal fees."

On appeal, the defendant contends that the trial court erred in approving the verdict because attorney fees were not pled or prayed for and because such an award is unauthorized unless accompanied by an award of other damages. *Held:*

1. While under Code Ann. § 20-1404 attorney fees and expenses of litigation "are not generally allowed as a part of the damages," the measure of damages in malicious prosecution cases "shall be regulated by the circumstances of each case." Code Ann. § 105-808. "Attorney fees, bail bonds, and loss of time are special damages which may be recovered in an action for malicious prosecution." *Segars v. Cornwell,* 128 Ga. App. 245 (3) (196 SE2d 341) (1973). Such expenses arising from the defense of the criminal prosecution are distinguishable from the expenses of litigation arising from the subsequent tort action, and represent a proper element of actual damages. See *Sloan v. Glaze,* 72 Ga. App. 415 (1) (33 SE2d 846) (1945).

2. The complaint alleges as damage the expense of defending the criminal charge, although no specific prayer to recover these expenses was made. The verdict is nevertheless authorized, assuming evidence on this issue was received by the jury without objection. See *Barbee v. Barbee,* 201 Ga. 763 (3) (41 SE2d 126) (1947). "We are authorized by law to affirm the verdict below in any case, because the [defendant] offers us no transcript of the trial court hearing below. When no transcript is included in the record, we must assume the evidence was sufficient to support the judgment below. *Burns v. Barnes,* 154 Ga. App. 802 (1) (270 SE2d 57)." *Citizens & Southern Nat. Bank v. Abbott,* 158 Ga. App. 651, 653 (281 SE2d 625) (1981).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1981.

*George G. Chenggis,* for appellant.
*John L. Blandford,* for appellee.