## 64519. STEFAN JEWELERS INC. v. BERRY et al.

BIRDSONG, Judge.

Appellees Robin and Sandra Berry left five pieces of jewelry valued at $7,666 to be repaired at the store of appellant Stefan Jewelers. Stefan Jewelers was the victim of a burglary in which the jewelry belonging to Mr. and Mrs. Berry was among the items taken. When Mrs. Berry went to pick up her jewelry she was told that it had been stolen and would not be returned. An action was filed seeking damages in the amount of the value of the jewelry, and a jury verdict and judgment was rendered for the full amount sought. Appeal is brought from the denial of appellant's motion for new trial. We affirm.

1. Appellant complains that it was prejudicial error to allow in evidence a copy of the contract entered into between Stefan's Jewelers and the company that installed its burglar alarm system, contending that this was irrelevant as evidence pertaining to the ordinary standard of care used by members of like trades. It is also urged that this contract appeared to obligate Stefan Jewelers to obtain insurance against such losses because it limited the alarm company's liability in the event of theft, thereby imputing negligence in Stefan's failure to obtain such insurance.

Such evidence is admissible as relevant to and probative of the issue of whether appellant took reasonable measures to protect its store and the jewelry therein. "A bailee is not an insurer of bailed property, but is bound to exercise . . . reasonable care, and if bailed property is damaged or lost through negligence on the part of the bailee, the bailee properly may be held responsible. He must exercise such care as a man of ordinary prudence would use under the same circumstances. . . . [E]vidence of custom and practice of persons in a similar trade is admissible to show whether one so engaged can be faulted for negligence by failing to exercise that degree of care customarily followed in the trade, and refusal to admit such evidence has been held to be error. [Cit.]" *Coffeen v. Doster,* 161 Ga. App. 529, 530 (1) (288 SE2d 327). The evidence was properly allowed to go before the jury for their consideration on this issue.

2. Appellant's remaining enumerations of error involve the sufficiency of the evidence to support the verdict or the value of the stolen property. "We are authorized by law to affirm the verdict below in any case, because the appellant offers us no transcript of the trial . . . below. When no transcript is included in the record, we must assume the evidence was sufficient to support the judgment below. [Cit.]" *Citizens &c. Bank v. Abbott,* 158 Ga. App. 651, 653 (281 SE2d 625); *Rae v. Griffin,* 160 Ga. App. 96 (286 SE2d 64).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 27, 1982.

*Gary W. Forbes,* for appellant.
*William S. Rhodes, Roy R. Devine, Amy D. Levin,* for appellees.