69849. MITZNER v. HYMAN et al.
(333 SE2d 182)

BEASLEY, Judge.

Sometime before July 18, 1983, the appellant, Sylvia Mitzner, left her 52-year-old diamond ring with the appellees, Gold Bazaar Retail, Inc., and Steven Hyman, to have the ring reset. On July 18 the ring was stolen, presumably by an unknown third party who had entered the store posing as a prospective customer. The merchants immediately reported the theft to the local police and informed the ring owner. She claimed by deposition that Hyman had explained to her daughter that the theft occurred shortly after he had shown the ring to the unknown party as an example of a setting. Several months later, Ms. Mitzner formally demanded return of the ring. The merchants, having no knowledge of its whereabouts after the theft, were unable to return it.

On February 22, 1984, the ring owner commenced this action in trover, seeking actual damages of $15,000 for the fair market value of the ring, $50,000 punitive damages for refusing to return the jewelry, and $100,000 vindictive damages for her wounded feelings; alternatively, she alleged conversion and sought $15,000 in actual damages.

She moved (1) for partial summary judgment on the issue of liability, (2) for an order compelling production of the merchants' entire financial records dating back to January 1983, and (3) for appointment of a receiver. The merchants also moved for summary judgment. This appeal follows from the trial court's denial of all of the plaintiff's motions and grant of summary judgment for the defendants. *Held*:

1. The ring owner sought recovery basically under a theory of trover, the gist of which is conversion. *Brooks v. Fincher*, 150 Ga. App. 201 (257 SE2d 326) (1979); *McDaniel v. White*, 140 Ga. App. 118 (230 SE2d 500) (1976). Because the merchants' possession of the ring was lawful, the ring owner had to prove either actual conversion or a demand for return of the property and the failure or refusal to redeliver. *Wood v. Sanders*, 87 Ga. App. 84 (73 SE2d 55) (1952); *McDaniel v. White*, supra.

Conversion consists of " 'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.' *Southern Express Co. v. Sinclair*, 130 Ga. 372, 373 (60 SE 849)." *Wood v. Frank Graham Co.*, 91 Ga. App. 621, 622 (86 SE2d 691) (1955).

" 'Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use. . . .' " *James v. Newman*, 73 Ga. App. 79, 80 (3) (35 SE2d 581) (1945). "Conversion involves the unauthorized assumption and exercise of right of ownership over personalty of another, contrary to the owner's rights [cit.]." *Pelletier v. Schultz*, 157 Ga. App. 64, 65 (276 SE2d 118) (1981). See generally 28 EGL, Trover & Conversion.

There is some evidence that defendants converted the diamond ring to their own use. They admit that the ring with the diamond was given to them for resetting. They admit also that they used it to show a prospective customer a particular setting; this use was not expressly authorized by the owner. In doing so, it can be argued that they exercised dominion over it contrary to the owner's interest and to the authority given. There is thus some evidence of a conversion from the apparently limited use which defendants had to a use of their own, which was inconsistent with plaintiff's interest in having the ring worked on in the security of a workroom. Unfortunately, the control which defendants exercised over it was lost when a thief walked off with it, and consequently defendants became unable to return the ring to plaintiff. There is a jury question as to whether the authority

by which defendants had custody of the ring embraced the use to which they put it, which disputed fact would preclude grant of summary judgment to defendants since there was some evidence of actual conversion. " 'To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence [cits.] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff.' [Cit.]" *Waller v. Transworld Imports*, 155 Ga. App. 438, 439 (271 SE2d 1) (1980), quoted and applied in *Jordan v. Atlanta Neighborhood Housing Svc.*, 171 Ga. App. 467, 468 (1) (320 SE2d 215) (1984). On the other side of the coin, of course, plaintiff was not entitled to summary judgment, as she failed to meet "the burden of establishing the absence or nonexistence of any defense raised by the defendant." *City of Fayetteville v. Fayette County*, 171 Ga. App. 13, 14 (2) (318 SE2d 757) (1984). She failed to show the absence of any genuine issue of material fact which, under applicable principles of substantive law, entitled her to a judgment as a matter of law. *Raven v. Dodd's Auto Sales*, 117 Ga. App. 416 (1) (160 SE2d 633) (1968). Thus the court correctly denied her motion.

2. The plaintiff's motion to compel discovery concerned the defendants' refusal to produce all of their financial records dating back to January 1983. The request for production required them to present the materials at the office of the plaintiff's attorney in Fulton County, notwithstanding the facts that at least the corporate defendant was a DeKalb County resident, the office of the defendants' attorney was in DeKalb County, and the action was commenced in DeKalb County. The matters sought by the plaintiff, however, were such as are usually privileged except in post-judgment discovery proceedings geared towards uncovering assets to satisfy the judgment. OCGA § 24-9-27 (b), generally; *Kushner v. Mascho*, 143 Ga. App. 801 (240 SE2d 290) (1977). Nevertheless, the appellant contends that these matters are discoverable in this case because (1) the financial records might disclose some transaction where the appellees had in fact sold the ring, and (2) such evidence of net worth is relevant where vindictive damages are sought.

We conclude that the trial court properly denied the plaintiff's motion to compel. Considering the rather unreasonable request for the defendants to take all the financial records to the plaintiff's attorney, as well as the purely conjectural basis for making the request, i.e., that the records might disclose a conversion, it appears that the request for production was more calculated to burden the appellees than reasonably calculated to lead to admissible evidence. Further, although the appellant correctly notes that evidence of a defendant's

worldly circumstances is admissible where vindictive damages are appropriate, vindictive damages. are available only where the entire injury is to the "peace, happiness, or feelings of the plaintiff. . . ." OCGA § 51-12-6; *Williamson v. Weeks*, 142 Ga. App. 149 (235 SE2d 587) (1977). Because the appellant's loss was not limited to wounded feelings only, the requested matters were not subject to discovery on that basis.

3. There was no call for the appointment of a receiver, and the court did not err in this regard.

*Judgment affirmed in part and reversed in part. Banke, C. J., McMurray, P. J., and Benham, J., concur. Birdsong, P. J., Carley and Sognier, JJ., concur in part and dissent in part. Deen, P. J., and Pope, J., dissent.*

SOGNIER, Judge, dissenting in part.

I concur in the judgment only of the reversal of the grant of summary judgment against appellant. I dissent to the majority's failure to grant summary judgment for the appellant against appellee, Gold Bazaar. Appellant's delivery of her ring to appellees and appellees' acceptance of the ring as alleged in Count 1 of her verified petition constituted a bailment. See OCGA § 44-12-40; *Davidson v. Ramsby*, 133 Ga. App. 128, 131 (5) (210 SE2d 245) (1974). No disclaimer or abandonment by appellant of her negligent bailment theory of recovery is shown by the record. As bailees, appellees were under a duty to exercise care and diligence to protect appellant's ring and to keep it safe. OCGA § 44-12-43. Once a bailor has proved loss or damage to property while it is under the control of the bailee, (i.e., the bailee's failure to return the property or the return of property in a damaged condition), there is a presumption that the bailee was negligent. OCGA § 44-12-44. To rebut this evidentiary presumption the bailee must negate every inference of negligence on his part, as the presumption in itself is sufficient to support a verdict in favor of the bailor. *Camp v. T. E. Cline, Inc.*, 141 Ga. App. 328, 329 (1) (233 SE2d 280) (1977); *Red Cross Laundry v. Tuten*, 31 Ga. App. 689 (2, 3) (121 SE 865) (1923).

In this case it is undisputed that the ring that appellant entrusted to appellee Gold Bazaar Retail, Inc. (Gold Bazaar) was not returned to her. Therefore the evidentiary presumption in her favor under OCGA § 44-12-44 applies and appellees were required to negate every inference of negligence on their part to sustain their motion for summary judgment. *Camp*, supra at 329 (1). Appellees submitted as evidence only the statement that the ring was stolen by third parties outside their control. No evidence was presented of the circumstances surrounding the theft, the safety precautions followed by appellees in the care of valuable property, or any other security measures taken by

appellees. I find appellees' evidence insufficient to rebut the presumption of negligence and thus I would reverse the trial court's grant of summary judgment to appellees. OCGA § 44-12-44; *Haynie v. A & H Camper Sales*, 233 Ga. 654, 655 (212 SE2d 825) (1975).

The evidence requires not only that the grant of summary judgment to appellees be reversed but it also mandates that summary judgment be granted in favor of appellant against appellee Gold Bazaar on the issue of liability on her bailment claim, Count 1 of her complaint. Gold Bazaar admitted that it received the ring from appellant and that the ring was stolen while in its possession. By failing to present any evidence whatsoever regarding its diligence in safekeeping the ring (i.e., locking it in a safebox, limiting the people who had access to it, etc.), Gold Bazaar has utterly failed to rebut the evidentiary presumption that it was negligent. OCGA § 44-12-44. Because appellee Hyman denied receiving appellant's ring there remains a question of fact whether a bailment was created as between appellant and Hyman. However, no such question of fact exists regarding Gold Bazaar. Therefore appellant is entitled to summary judgment against Gold Bazaar on the issue of liability on the bailment count of her complaint and I would reverse the trial court's denial of appellant's motion for summary judgment as to that party. See *United States Security Whse. v. Brooks*, 115 Ga. App. 834, 835 (5) (156 SE2d 217) (1967).

I am authorized to state that Presiding Judge Birdsong and Judge Carley join in this dissent.

DEEN, Presiding Judge, dissenting.

As correctly noted by the majority opinion, the gist of a trover action is conversion. In the instant case, the appellant was unable to controvert the appellee's evidence that the ring was stolen by an unknown third party on July 18, 1983; further, there was no dispute that the appellant had been immediately informed of that theft, and that she actually did not demand the return of the ring until several months after the theft. This evidence failed to demonstrate any conversion of the ring by the appellees.

The appellees' brief display of the ring to the presumed customer/thief simply was not " 'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.' [Cit.]" *Wood v. Frank Graham Co.*, 91 Ga. App. 621, 622 (86 SE2d 691) (1955). In reality, that display merely was a somewhat common business practice, and in no way was it an act hostile to the appellant's ownership.

That act of, of course, would be pertinent in determining whether

the appellees as bailees had exercised reasonable care in the safekeeping of the ring. OCGA § 44-12-40 et seq.; *Stefan Jewelers v. Berry,* 163 Ga. App. 626 (295 SE2d 373) (1982). However, the appellant clearly disclaimed negligent bailment as her theory of recovery. Her complaint was cast in two counts, the first asserting a claim in trover and seeking punitive damages; the second count stated conversion, alleging that the appellees had actually sold the ring and kept the proceeds. Moreover, at the hearing on the motion for summary judgment, counsel for the appellant declared that this action was in trover and conversion. After having proudly discoursed on his profound knowledge of the law of trover (and attributing that acumen to his attendance of law school in England and use of F.F.C. Milsom's text), he explained that his client could have proceeded under a theory of bailment but was not so required; significantly, counsel also noted that the measure of damages varied with the different theories of relief.

In fact, punitive damages are not recoverable in a pure bailment case, but they are in trover and conversion cases. See *Sisk v. Carney,* 121 Ga. App. 560, 564 (174 SE2d 456) (1970). The appellant's complaint stating trover and conversion only, and demanding punitive damages, along with the statements of counsel for the appellant at the hearing on the summary judgment motion, support but one conclusion; the appellant knowingly elected to proceed with the trover and conversion claims to the exclusion of any bailment theory of recovery.

In summary, I cannot subscribe to the majority opinion that a jury question existed over whether the appellees converted the appellant's ring. The appellees, in showing the ring as an example to another prospective customer, did nothing that was inconsistent with or hostile to the appellant's ownership of the ring. Because there was no appropriation of the ring by the appellees and because the appellant obviously rejected negligent bailment as a theory of recovery, the appellees were entitled to summary judgment as determined by the trial court. The reluctance of the majority opinion and of the other dissenting opinion to accept and apply the established principles of trover and election of remedy suggests the appropriate Tybee Island citation that "neither the laws of God nor of man apply" to merchant defendants. See *Davis v. State,* 127 Ga. App. 76, 77 (192 SE2d 538) (1972). Accordingly, I must respectfully dissent.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED JULY 8, 1985.

*Robert S. Devins,* for appellant.

*Kenneth M. Sissel, Warren D. Davis, John J. Strauss*, for appellees.